In the Matter of K. M. B. and R. M. B., minors.

D. L. B. and S. E. B., Petitioners-Respondents,

v.

J. A. (B.) H., Respondent-Appellant.

No. 37074.

Missouri Court of Appeals, St. Louis District, Division Four.

Nov. 2, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Dec. 20, 1976.

Charles F. Johnson, Buffalo, for respondent-appellant.

Martin Schiff, Jr., Webster Groves, Claude Hanks, Clayton, for petitioners-respondents.

SMITH, Chief Judge.

Appellant J.A.(B.)H. is the natural mother of K.M.B. and R.M.B., minors. The trial court, after a contested hearing, entered a decree of adoption of K.M.B. and R.M.B. by D.L.B., the natural father and by S.E.B., their stepmother and present wife of D.L.B. J.A.(B.)H. appeals. We reverse.

J.A.(B.)H. and D.L.B. were divorced in 1965 and the custody of the children was placed in D.L.B. In 1970, he married S.E.B. and the children continued to reside with D.L.B. and S.E.B. In July, 1974, D.L.B. and S.E.B. filed their "Petition for transfer of Custody and Adoption" of the children. The petition did not allege consent by the natural mother as required by Sec. 453.030 RSMo 1969, or exceptions (1), (2) or (3) of Sec. 453.040, RSMo 1969. Paragraph 6 of the petition, in an apparent attempt to invoke exception (4)[1] of that section alleged:

1. The consent of the adoption of a child is not required of . . . (4) A parent who has for a period of at least one year immediately prior to the filing of the petition for adoption, either willfully abandoned the child or willfully neglected to provide him with proper care and maintenance.

"Petitioners further state that the natural mother of the said children namely, J.A.B. . . . did desert the said children and for a period of more than one year prior to the filing of this Petition has not contributed in any manner to the support, maintenance and care of the said minor children and has shown no actual desire to have custody of the said children by supporting and caring for the said minor children and therefore has given up her rights as a parent of the said minor children."

The evidence at hearing was undisputed that the children were in the legal custody of the father, that the mother was under no legal requirement to support them, and that they were not in want. It also established that the mother provided no support for the children at any time after the father obtained actual custody in 1965. The evidence was also undisputed that the mother had no contact with the children from early 1966, to January, 1973, when she visited them in St. Louis. Her evidence, contradicted, would show some very minimal efforts to contact the father during this period. The real dispute at the hearing hinged around the mother's activities after January, 1973, to reestablish contact and maternal bonds with her children. We need not in this opinion determine whether the evidence was sufficient to establish willful abandonment between July, 1973, and July, 1974, the statutory period required under Sec. 453.040(4). We need not reach this determination because the issue of willful abandonment was neither pleaded by the petitioners nor decided by the Court.

 Under Missouri law the consent of the natural parent or one of the statutory exceptions to such consent is necessary before an adoption may be decreed. Sec. 453.-030, and 453.040. This requirement is considered jurisdictional. *In re E. C. N.,* 517 S.W.2d 709 (Mo.App.1974); *In re Adoption of K.,* 417 S.W.2d 702 (Mo.App.1967). The only finding made by the Court in this critical area was that "The allegations of the petition for adoption are true." But that petition does not allege any evidence-

supported exceptions to the requirement of consent. We turn to paragraph six. The allegations of that paragraph set forth two factual statements purporting to obviate consent. The first that the mother deserted the children is insufficient for two reasons. First, the undisputed evidence shows she didn't desert the children. Following the custody award the father went to Arkansas and with the aid of a local sheriff retrieved the children from the mother. Secondly, the desertion allegation in no way refers to the statutory period of one year before the filing of the adoption petition nor does it specify how long the alleged desertion lasted.

 The second fact stated is that the mother has not contributed to the support, maintenance and care of the children and has shown no actual desire to have custody by supporting and caring for them. This allegation is apparently intended to establish "willful neglect". But the evidence is undisputed that the mother was under no legal requirement of support, was not asked by the father for support, and that the children were not in need of her support. Those facts do not establish *willful* neglect by the mother. *In re Adoption of J_____,* 396 S.W.2d 257 (Mo.App.1965).

 The real thrust of the evidence of the adoptive parents was a willful abandonment. "Abandonment" requires that the parent willfully give up the child and intend that this severance be of a permanent nature. *In re M. J. M.,* 483 S.W.2d 795 (Mo.App.1972) [3, 4]. The conduct of the parent which amounts to abandonment must have occurred for the year immediately preceding the filing of the adoption proceeding. *In re Adoption of J_____, supra,* (Mo.App.1965) [5, 7]. There must be a settled purpose to forego all parental duties and relinquish all parental claims throughout that statutory period. *In re Adoption of J_____, supra,* [3, 4]. A prior abandonment may be repented of and terminated. *In re Adoption of J_____, supra,* [5–7]; *T. H. v. Ambelang,* 497 S.W.2d 210 (Mo.App. 1973) [4–6]. "Repentance of the abandonment may be determined by the actual or

attempted exercise of parental rights and performance of parental duties following the abandonment." *T. H. v. Ambelang, supra,* [4–6]. Unless there is a consent of the natural parent, or a substantial showing of some statutory condition obviating the necessity of consent, the court has no power to enter a decree of adoption. *In re Adoption of K., supra,* [11–13].

 The issue of willful abandonment was neither pleaded by petitioners nor found by the Court. Since the petition failed to allege any evidence-supported exception to the mother's consent, the finding of the trial court that the allegations of the petition were true does not support its decree of adoption. Accepting as true the evidence-supported allegations of paragraph 6, there was no basis upon which the court could exercise its jurisdiction under the statute. The conduct of the mother prior to 1973 could support a finding of abandonment. But, whether that conduct continued thereafter and during the statutory year was sharply disputed. The crucial question was whether her conduct during the year prior to the filing of the adoption petition established a continuation of her prior abandonment or whether it reflected a repentance and termination of her prior disinterest. Since this statutory exception to her required consent was not pleaded and not found by the court, we reverse the judgment.

Judgment reversed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.