In the Matter of D——— G——— K———, Jr.,
et al., Petitioners-Appellants,

v.

D——— G——— K———, Sr., Respondent.

No. 37445.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 23, 1976.

McIlrath, Black & Williams, Gary R. Black, Sr., Flat River, Mo., for petitioners-appellants.

Charles W. Medley, James E. Alexander, Farmington, Mo., for respondent.

McMILLIAN, Judge.

This is an appeal by appellants B— S— and L— S—, from a judgment denying a petition for adoption of D— G— K—, Jr., a minor child. Petitioners have had continuous custody of the child since his original placement with them as a foster child in 1970. The adoption petition was filed December 13, 1973. The natural father opposed granting the adoption. After a lengthy hearing, the trial court denied the petition finding that the natural father had not wilfully abandoned the child or wilfully neglected to provide him with proper care and maintenance for a period of at least one year prior to the filing of the petition for adoption. We affirm.

Adoption proceedings in Missouri are governed by statute, *In re E. C. N.,* 517 S.W.2d 709, 712 (Mo.App.1974). Pursuant to these statutes, adoption of a person under the age of 21 requires the written consent of natural parents unless one of the statutorily enumerated exceptions to consent is applicable, § 453.030(3), RSMo 1969. The exception pleaded in the present case, § 453.040, RSMo 1969, provides that:

"The consent of the adoption of a child is not required of . . .

(4) A parent who has for a period of at least one year immediately prior to the filing of the petition for adoption, either wilfully abandoned the child or wilfully neglected to provide him with proper care and maintenance. . . ."

While it is often stated that the welfare of the child is the paramount consideration in adoption proceedings, ". . . 'Questions in regard to the fitness of the petitioners and the welfare of the child are not reached if abandonment is not proved.' . . ." 2 Am.Jur.2d, Adoption, § 60; *In re E. C. N.,* supra, at 712. Consent or the proper waiver thereof under § 453.040 is jurisdictional, *In re D,* 408 S.W.2d 361, 365 (Mo.App.1966).

The words "wilfully abandoned" have been consistently interpreted since *In re Watson's Adoption,* 238 Mo.App. 1104, 195 S.W.2d 331, 336 (1946), to mean

". . . first, a voluntary and intentional relinquishment of the custody of the child to another, with the intent to never again claim the rights of a parent or perform the duties of a parent; or, second, an intentional withholding from the child, without just cause or excuse, by the parent, of his presence, his care, his love, and his protection, maintenance, and the opportunity for the display of filial affection."

Moreover, ". . . [t]he abandonment must be absolute, complete, and wilful. There must be a settled purpose to forego all parental duties and relinquish all parental claims. . . ." *In re Adoption of J.,* 396 S.W.2d 257, 261 (Mo.App.1965). See also *In re Adoption of Rule,* 435 S.W.2d 35, 40 (Mo.App.1968).

"Wilful neglect" as used in the statute has been construed to mean neglect that is ". . . intentional, deliberate, and without just cause or excuse, evincing a settled purpose to forego . . . parental duties over the period of time which the statute prescribes . . ." *In re E. C. N.,* supra, 517 S.W.2d at 712.

The conduct of the parent constituting wilful neglect or abandonment must have occurred during the year immediately preceding the filing of the adoption petition, see, e. g., *In re K. M. B. and R. M. B.,* 544 S.W.2d 590 (Mo.App.) St. Louis, November 2, 1976; *cf.* Uniform Adoption Act § 6(a)(2) (1970). Abandonment and neglect

are, however, matters of intent and ". . . evidence of a parent's conduct, either before or after the statutory period, may be considered to determine the purpose and intent of the parent . . ." *In re Adoption of K,* 417 S.W.2d 702, 709 (Mo. App.1967).

 The result in this case is dictated by this court's limited scope of review. Rule 73.01 directs the court to review the case upon both the law and the evidence, giving due regard to the trial court to judge the credibility of the witnesses. The trial court's decree is to be sustained unless there is no substantial evidence to support it or it is against the weight of the evidence or it erroneously declares or applies the law, *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Our review of the record indicates that the decree denying the petition for adoption should be sustained as there is sufficient evidence to support the trial court's finding that the natural father had not wilfully abandoned or wilfully neglected the child during the one year immediately preceding the filing of the adoption petition. Although respondent indicated little concern for the child from the period 1970 to July of 1972, the record does reveal some extenuating circumstances. The respondent actively initiated efforts to regain custody of the child after July of 1972. During the relevant statutory period, respondent repeatedly called the juvenile authorities regarding his son, retained an attorney to initiate legal proceedings and ultimately petitioned for a writ of habeas corpus. Many of respondent's efforts were thwarted by the Division of Welfare, arguably with good intentions. While respondent's conduct before the statutory period may be considered to determine his purpose and intent, it cannot be said that respondent's sporadic interest in his son during the prior period is sufficient to show a ". . . settled purpose to forego all parental duties and relinquish all parental claims. . ." *In re E. C. N.,* supra, 517 S.W.2d at 715.

Judgment affirmed.

STEWART and RENDLEN, JJ., concur.