575 S.W.2d 243 (1978)
D. A. Z. and R. M. Z., Respondents,
v.
M. E. T., Jr., Appellant.
No. 39377.
Missouri Court of Appeals, St. Louis District, Division Three.
November 21, 1978.
James M. Daly, P. C, St. Louis, for appellant.
Martin Schiff, Jr., Webster Groves, James J. Raymond, Richard J. Schnidman, Raymond & Leggat, Inc., Clayton, for respondents.
CLEMENS, Judge.
Natural father has appealed from a decree of adoption. The petitioners are the child's mother and her present husband whom she married in 1971. The defendant-father did not expressly consent to the adoption and the issue before us is whether he constructively did so by wilfully abandoning or neglecting the child by failing to provide proper care and maintenance "for a period of at least one year immediately prior to the filing of the petition for adoption." This critical period was from June 1972 to June 1973. The trial court found for petitioners and decreed adoption.
The child, S.L.T., now twelve years old, was born to defendant-father, M.E.T., Jr., and his wife, petitioner R.M.T., now R.M.Z. They were divorced in Michigan in 1967. Custody was granted the mother and defendant-father was granted visitation rights and ordered to make weekly child-support payments to the "Friend of the Court" in Grand Haven, Michigan.
Defendant contends the evidence was insufficient to support the court's finding of his constructive consent to the adoption.
The critical period is June 5, 1972 to June 5, 1973, the date petitioners filed their petition. Michigan court records confirm the mother's testimony that defendant made no payments for child support from May, 1970 to November, 1974. He explains his failure to provide support payments by arguing he had no knowledge of the child's location from 1972 to 1973 and he was uncertain of his responsibility. True, both petitioners and defendant lived at several locations following the divorce. However, the mother kept the Michigan court and defendant's parents informed of the child's whereabouts. *244 And, during the critical year, defendant's only contact with the child or petitioners consisted of sending the child a doll and some doll clothes for Christmas, 1972.
We agree with petitioners' contention that the child's location did not affect defendant's duty to send support payments to the Michigan Court; defendant does not refute this. The duty to support a child is a continuing obligation, unaffected by the conduct of the custodial parent. In Re Adoption of Rule, 435 S.W.2d 35[3, 4] (Mo. App.1968).
Because defendant's intent is relevant, we have considered his conduct before and after the statutory year. In re Adoption of K., 417 S.W.2d 702[11-13] (Mo. App.1967). From the time of the divorce in 1967 until defendant was served with the petition for adoption in 1972 his efforts to support his child or maintain contact with her were sporadic and non-existent for long periods. His pre-adoption conduct does not dispel the judicial conclusion that for the critical statutory year his conduct was "intentional, deliberate, and without just cause or excuse." In re Adoption of P.J.K., 359 S.W.2d 360[4, 5] (Mo.App.1962). Defendant's paternal conduct after the adoption petition was filed was self-serving and does not refute his abandonment of all paternal duty during the critical year.
We find substantial evidence in the record to support the trial court's findings of defendant's intent to wilfully abandon or neglect the child for at least one year prior to the filing of the petition. Civil Rule 73.01(d), V.A.M.R. In re Adoption of Rule, supra, at [1].
Judgment affirmed.
REINHARD, P. J., and GUNN, J., concur.