**In re Adoption of Eric T. LeGRANDE.**

**John Paul SAVONA and Debbie Lou Savona, Respondents,**

v.

**George Milton LeGRANDE, Jr., Appellant.**

**No. KCD 30226.**

Missouri Court of Appeals, Western District.

April 2, 1979.

Rehearing Denied May 1, 1979.

Application to Transfer Denied June 19, 1979.

Austin F. Shute, Kansas City, for appellant.

Louis W. Krings, Kansas City, for respondents.

Before SHANGLER, P. J., SWOFFORD, C. J. and WASSERSTROM, J.

PER CURIAM.

Appeal by natural father from decree terminating his parental rights and awarding adoption of his minor son to natural mother and her present husband. Reversed.

Respondents, the natural mother and her present husband, alleged that Appellant had willfully abandoned and willfully neglected his minor son for a period of at least one year immediately prior to the filing of the petition in this proceeding. A hearing was held and the court made findings of fact and conclusions of law. Since the findings and conclusions were upon willful neglect, this opinion is limited to the consideration of that alone and contains no dissertation inclusive of the similarities or differences, whether apparent or subtle, between willful neglect and willful abandonment.

Proceedings in adoption are statutory. See Chapter 453, RSMo 1969. Section 453.040(4) specifically addresses itself to the matter of consent by a natural parent and prescribes those instances wherein consent is not a prerequisite. The pertinent section reads as follows:

"The consent of the adoption of a child is not required of . . .

(4) A parent who has for a period of at least one year immediately prior to the filing of the petition for adoption, either willfully abandoned the child or willfully neglected to provide him with proper care and maintenance . . . ."

The case herein clearly falls within the language of that statute.

In their efforts to balance the interest of natural parents and the welfare of children, the courts have clearly expressed that willful neglect and willful abandonment mean the intent or mental attitude of the natural parent. Cases hold that " ' . . . the parent's consent to the adoption is not to be dispensed with upon the ground of his neglect of his child unless it is shown that such neglect was intentional, deliberate, and without just cause or excuse, evincing a settled purpose to forego his parental duties over the period of time which the statute prescribes.' " *In Re E.C.N.,* 517 S.W.2d 709 (Mo.App.1974), cited in *D____ G____ K____ v. D____ G____ K____,* 545 S.W.2d 81 (Mo.App.1976); *Adoption of R.A.B. v. R.A.B.,* 562 S.W.2d 356 (Mo.banc 1978). That the establishment of this intent can, from the parent's conduct, be determined both before and after the statutory period, see *Matter of Adoption of Fuller,* 544 S.W.2d 345 (Mo. App.1976).

Each case must be decided upon its own individual circumstances. Such cases, being of an equitable nature, require this court to review both the facts and the law pursuant to Rule 73.01.

Appellant and Respondent Debbie Savona, natural parents of the child, were divorced July 25, 1975. The decree provided custody in the mother and ordered Appellant to pay $35.00 per week child support. Appellant was granted reasonable visitation. The mother testified that during and immediately following the divorce proceeding, there was a hostile atmosphere be-

tween the parties. She further testified that an attempted reconciliation following the entry of the divorce decree failed. Although ordered by the court to pay a fixed sum of child support, the Appellant failed miserably to comply with the court's order in regard to the monetary support of his son. There was a contradiction of testimony over the child support payments. Appellant stated his former wife agreed not to enforce the payment for child support if Appellant did not contest the divorce. This was denied by the former wife.

■■ While neither party had the authority to waive or ignore the court order to pay child support, the point raised by this evidence goes to the matter of Appellant's intent to willfully neglect his child within the meaning of the term.

This court, in no manner, condones the actions, or in this case the failure to act, of Appellant in failing to provide funds for the support of his son, or Appellant's refusal to comply with the order of the court. If this were the only decisive factor to consider, Appellant's claim could easily be dispensed with, but the evidence shows that immediately after the receipt of a letter from Respondent's attorney mentioning the failure to provide support and the intent to proceed with adoption, Appellant directed payment through his attorney of the sum of $100.00 as child support. The parties entered into a long dispute over whether this payment was within the one year or not, but that becomes secondarily important because of further evidence showing continued payment of support for the child subsequent to the filing of the petition. The amount continued to be less than that ordered by the court, but under *Matter of Adoption of Fuller, supra,* we find that the conduct of the parties both prior and subsequent to the statutory period, are to be considered for purposes of determining intent.

Other evidence shows that on various occasions, the son was taken to the residence of the paternal grandparents. On one of these occasions, the mother took the son, and Appellant was present. On the other visits, Appellant testified he visited with his son and bought him food, toys and clothes. Although the amount of this effort was nominal, it again presents itself for consideration as to the intent or mental attitude of the parent. The mother testified she assumed her former husband visited with the son on the visits to his grandparents' residence. The testimony of Appellant was not corroborated by other testimony, but neither was it contradicted by Respondents.

The evidence further set forth the conclusion of the Respondents that they felt Appellant was a bad influence on the son. Under questioning, both Respondents concluded that it was best for the boy that the now present husband adopt the boy, although the mother did admit that if a stronger showing had been made by Appellant, he would have certain rights prohibiting her from seeking adoption.

The court is faced with the choice of terminating the parental rights of the natural father as against the claimed best interest of the child by the Respondents. That adoption may not be decreed simply to enhance the moral and temporal welfare of the child, see *In Re Adoption of K,* 417 S.W.2d 702 (Mo.App.1967). Nothing in the evidence of this case suggests that denial of the adoption will cause this child to suffer any adversity as to its well being. He will continue to live with his natural mother, being cared for as to his needs and comfort.

Although Appellant has failed miserably to meet his responsibilities as to the monetary support of his son and it will be to the best interest of the boy that the mother pursue those means through the proper civil and criminal authorities to enforce the judgment for support, we find the evidence in this case insufficient to meet the compelling requirements to establish mental attitude or intent by Appellant " ' . . . evincing a settled purpose to forego his parental duties . . .' " *In Re E.C.N., supra.*

Judgment reversed.