**In the Matter of the ADOPTION of:
BABY BOY DOE**

**Robert Edward MARSCH and Shannon Kaye (Williams) Marsch, Petitioners-Respondents,**

v.

**Raymond James WILLIAMS, Respondent-Appellant.**

**No. WD30891.**

Missouri Court of Appeals, Western District.

June 9, 1980.

---

filed a petition for the adoption by Robert of Shannon's child by a previous marriage. Raymond James Williams, Shannon's former husband and father of the child, refused to consent. To obviate the necessity for Raymond's consent, the trial court after hearing found that Raymond's parental rights should be terminated on the grounds that he had willfully abandoned and willfully neglected to provide proper care and maintenance for the child. An order to that effect was entered on October 27, 1977, from which Raymond appealed to this court. That appeal was dismissed for the reason that there was no final judgment and an appeal would not lie until entry of a decree of adoption. *Marsch v. Williams*, 575 S.W.2d 897 (Mo.App. 1978).

On remand the trial court held a further hearing and entered a decree of adoption as prayed on February 8, 1979. Raymond now appeals from that decree. His Points on appeal can be summarized as follows: (1) The findings of abandonment and neglect are contrary to the weight of the evidence; (2) The court should have dismissed the petition because there was no evidence that the adoption would be for the best interest of the child; and (3) The court should not have entered the order dated October 27, 1977, because at the time of the hearing upon which that order was based, the petitioners had been married for less than nine months.

A careful review of the record discloses that the trial court's findings are supported by clear, cogent and convincing evidence; this court is not left with a firm belief that the judgment was wrong because of being against the weight of the evidence; and the trial court did not erroneously declare or erroneously apply the law. Therefore, the judgment is entitled to be affirmed under the principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

A detailed review of the facts and law would have no precedential value. Accordingly the judgment of the trial court is affirmed by this memorandum opinion pursuant to Rule 84.16(b).

Ronald J. Prenger, Jefferson City, for respondent-appellant.

L. H. Wilbers, Jefferson City, for petitioners-respondents.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and KENNEDY, JJ.

PER CURIAM:

Robert Edward Marsch and Shannon Kaye (Williams) Marsch on March 3, 1977,