In the Matter of the ADOPTION OF
SHELLY ———.

No. 43861.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct..6, 1981.

Francis Toohey, Jr., Toohey & Moore, P.
C., Perryville, for appellant.

Janette Boyd Lancaster, Lewis, Rice,
Tucker, Allen & Chubb, St. Louis, for re-
spondent.

GUNN, Judge.

Appellant is the natural father of Shelly
———, the cynosure of these proceedings.
Shelly's mother and second husband filed a
joint petition seeking to terminate the pa-
rental rights of the natural father and for
Shelly's adoption by them. The trial court,
after finding that the appellant had willful-
ly neglected to provide Shelly with proper
care and maintenance for at least one year
preceding its filing, granted the petition.
The appellant's point on appeal essentially
is that the evidence was insufficient to sup-
port the trial court's decision; that there
was not substantial evidence of willful ne-
glect. We affirm.

In terminating the appellant's pa-
rental rights, the trial court applied the

criteria of Section 453.040, RSMo 1978 which provides:

The consent of the adoption of a child is not required of . . .

(4) A parent who has for a period of at least one year immediately prior to the filing of the petition for adoption, either willfully abandoned the child or willfully neglected to provide him with proper care and maintenance.

Our review of these court-tried proceedings is bound by the fundamental precepts that we are to affirm the judgment unless there is no substantial evidence to support it or it is against the weight of the evidence or it erroneously declares the law or applies it. Conflicts in evidence are for resolution by the trial court, which may believe all, part or none of the testimony of any witness, and our statement of facts will treat the evidence in the light most favorable to the judgment of the trial court. *Trenton Trust Co. v. Western Surety Co.*, 599 S.W.2d 481, 483 (Mo.banc 1980). With these principles serving as guideposts, the facts clearly support the trial court's judgment.

Since the dissolution of marriage from Shelly's mother in 1977, the appellant had paid no child support. Nor had he made any contact with Shelly during the year preceding the filing of the divorce petition and only once since the 1977 dissolution. Appellant argues that he attempted to make two $25.00 payments to Shelly's mother and that Shelly's grandmother had served as his contact with the child. But the mother's evidence was that there were no child support payments since the dissolution and by appellant's admission, he personally contacted Shelly only once since 1977. Like the trial court, we do not deem that the sporadic visits to Shelly by appellant's mother satisfactorily supplant personal contact or evince sufficient interest in the child so as to overturn the trial court's finding.

Appellant argues that the trial court has misapplied the law by placing the burden on him to establish that he was not negligent, rather than putting the burden on the petitioners to establish that he was.

We find no misapplication of the law. Petitioners presented substantial evidence to support the judgment finding statutory neglect on the part of appellant. *Matter of Adoption of G——*, 618 S.W.2d 462, 465–66 (Mo.App.1981). The finding of fitness of the adoptive parents and promotion of the welfare of the child was supported by substantial evidence and was not contrary to the law. Indeed, a different holding would be antithetical to the overwhelming weight of the evidence. *Matter of Adoption of Pearson*, 612 S.W.2d 30 (Mo.App.1981).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.