**In re ADOPTION OF W.B.L.**

**No. 64145.**

Supreme Court of Missouri,
En Banc.

March 29, 1983.

Randy P. Schuller, Piedmont, for appellant.

David G. Neal, Eminence, for respondent.

GUNN, Judge.

This appeal involves the adoption of a child on the grounds of abandonment and neglect by the natural mother under § 453.-040(4), RSMo 1978. On the petition for adoption of the child by the natural father and his wife by a second marriage, the trial court found that the natural mother had abandoned and neglected the child for the requisite statutory period and thereby terminated her parental rights without her consent. The petition for adoption was granted. The natural mother thereafter appealed to the Missouri Court of Appeals, Southern District, which affirmed the trial court's action but with a strong dissenting opinion filed by Judge Flanigan. Upon application, this Court granted transfer. The dispositive issue raised on appeal by the natural mother concerns the application of the proper statutory period of abandonment and neglect by which to terminate her rights without consent. We remand the case for further consideration by the trial court.

The child, a boy, was born in 1974 out of the marriage of the natural mother and father. Their marriage was dissolved in June 1977 with the father being granted primary custody of the child. The natural mother was granted reasonable visitation and custody during each month of July, the first and third weekends of the other months, and one week at Christmas. During 1977 her visits with the child were sporadic. She spent five days with him in July 1978. From the last weekend in August 1978 until September 1979, the mother made only one attempt at contacting the child, that being during December 1978 when a half-hearted effort was made for a Christmas visit. In the latter part of September 1979 or the first part of October

1979—this according to the father's testimony—the natural mother called the father concerning a visitation, but in contemplation of this adoption petition being filed and upon his lawyer's advice, the father refused to permit the mother to see the child. The mother then filed a contempt action against the father for his refusal to permit visitation. Apparently, the contempt action has not been pursued.

The adoption petition which is the subject of this proceeding was filed October 19, 1979 and sought to terminate the natural mother's parental rights and the adoption of the child by the father and his wife. Basis for the petition was "that the natural mother has willfully abandoned the minor child and willfully neglected to provide the minor child with proper care and maintenance for a period of more than one (1) year immediately prior to the filing of this Petition." The language of the petition follows that of § 453.040(4).

The trial court granted the petition for adoption as prayed. The substance and basis for the judgment is contained in the following findings and conclusions of the trial court:

7. From August of 1978 until September of 1979, for a period greater than one year, Respondent neglected to provide [W.B.L.] with proper care and maintenance by failing, without just cause or excuse, to make regular visits with the child and assist in his care and supervision for that time.

8. From August of 1978 until September of 1979, a period greater than one year, Respondent willfully abandoned [W.B.L.], without just cause or excuse, to maintain any contact with said child throughout that period.

9. Although Respondent has shown a belated interest in the child, the same was done after the statutory period of neglect and abandonment had elapsed and is given no credibility in light of her past conduct.

The record amply supports the trial court's conclusion that there was a willful abandonment by the natural mother of her child for the one year period between August 1978 and September 1979. We defer to the trial court's findings in that regard. Rule 73.01(c). But are these the critical dates?

The language of § 453.040(4), RSMo 1978, pertinent here, is clear enough:

The consent of the adoption of a child is not required of . . . (4) a parent who has *for a period of at least one year immediately prior to the filing of the petition for adoption,* either willfully abandoned the child or willfully neglected to provide him with proper care and maintenance.

(Emphasis added.)

The initial inquiry, then, is the meaning of the word "immediately" in the context of the statute, continuing with an overview of its past treatment.

■ The general judicial definition of "immediately" is expressed in *Villines v. Vaughn,* 330 S.W.2d 782, 786 (Mo.1959), finding that it connotes not being separate in time or space. Accordingly, the critical dates for precise consideration in this case are October 19, 1979 (the date of the filing of the adoption petition) and October 19, 1978 (the period at least one year immediately prior to the filing of the petition). This holding is congruent with prior treatment of the critical period under the statute, *e.g., D.A.Z. v. M.E.T., Jr.,* 575 S.W.2d 243 (Mo.App.1978): "[t]he critical period [was] June 5, 1972 to June 5, 1973, the date petitioners filed their petition." *In the Matter of Adoption of Pearson,* 612 S.W.2d 30 (Mo.App.1981), Judge Houser made note that the period for consideration of abandonment specifically commences with the filing date of the petition for adoption.[1] *Id.* at 34.

*Adoption of R.A.B. v. R.A.B.,* 562 S.W.2d 356, 357 (Mo. banc 1978) strikes to the heart

---

1. Of course, evidence of parents' conduct either before or after the statutory period is proper subject of consideration to determine the pur-

pose and intent to abandon or neglect. *Adoption of R.A.B. v. R.A.B.,* 562 S.W.2d 356, 358 (Mo. banc 1978).

of this case, holding that proper waiver of consent under § 453.040, RSMo 1978, is jurisdictional and the question of the child's best interest is not reached if willful abandonment is not first established. *Id.* at 357.[2]

■ In this case, the dates applied by the trial court for the purpose of determining waiver of consent to adoption by reason of neglect or abandonment were "from August of 1978 until September of 1979" which is a period of greater than one year. However, the dates applied by the court fail to encompass the entire critical statutory period, which is between October 1978 and October 1979, the "period at least one year immediately prior to the filing of the petition for adoption." As *R.A.B.* specifically holds, "the adoption statutes are to be strictly construed in favor of the natural parents." *Id.* at 360. So it is that an elision exists in the requisite statutory period between October 19, 1979, the date of filing the petition, and the end of September 1979. It is therefore necessary to remand the case to the trial court for its consideration and ruling on the missing October period.

It may well be that on remand the finding can be made that the period of abandonment continued to the date of the filing of the petition. But that is for the trial court's determination. Any other ruling would result in bad law and speak words contrary to those specifically written by the General Assembly. Any other ruling would also clash directly with that stalwart standard of judicial appellate review, *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), for in this case there has been a clearly erroneous application of the law and no way to get around it.

The petitioners rely on the following portion of the trial court's order as the basis that it considered the October period to the date of filing the petition for adoption and found that the neglect and abandonment continued:

Although Respondent has shown a belated interest in the child, the same was done after the statutory period of neglect and abandonment had lapsed and is given no creditability in light of her past conduct.

But the foregoing finding also contains a misstatement of the law, for the statutory period had not lapsed but continued until the filing of the petition. The case must, therefore, be remanded for further consideration by the trial court as to whether abandonment continued until October 19, 1979, as required by § 453.040(4).

Remanded for further consideration in accordance with this opinion.

WELLIVER, HIGGINS and DONNELLY, JJ., concur.

BILLINGS, J., concurs in result.

RENDLEN, C.J., concurs in part and dissents in part in separate opinion filed.

BLACKMAR, J., concurs in part and dissents in part and concurs in separate opinion of RENDLEN, C.J.

RENDLEN, Chief Justice, concurring in part and dissenting in part.

I agree that the judgment must be reversed. It is my opinion, however, that the remand should be with directions to dismiss the petition, for the reason that the evidence fails to show that the standards for adoption without consent under §§ 453.-030(3) and 453.040(4) RSMo 1978, which were in force at the time the operative events occurred, have been met. The controlling authority is *Adoption of R.A.B. v. R.A.B.*, 562 S.W.2d 356 (Mo. banc 1978), unanimously decided by this Court.

"Willful abandonment" is a strong term, which is indicative of the policy of the statute. The issue in an involuntary adoption case is far different from the issue in a custody case. In the latter, the paramount consideration is the welfare of the child.

---

**2.** The fountainhead of authority on adoption matters of this type is found in Mo. Digest,

Adoption, Key No. 7.

Until there is proof of willful abandonment, however, the court does not reach the question of the child's welfare, *R.A.B., supra.*

Bearing in mind our obligation to defer to the findings of the trial court, *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), I would hold that the admitted facts of the attempted visit during the Christmas season of 1978 were sufficient to demonstrate that there was no *willful* abandonment. The strong statutory language should not be subject to dilution by the concept of "constructive" abandonment.

But we do not have to rest our conclusion on the December, 1978 attempts. The events in September and October of 1979 were unequivocal. The mother wanted to see her child, and made attempts, first by telephone, then by personal contact, and finally by going to court. She was refused by the father. The undisputed facts are inconsistent with the claim of willful abandonment, which connotes permanence. *Matter of K.M.B.,* 544 S.W.2d 590 (Mo.App. 1976).

The evidence simply does not support the findings which must be made to justify the permanent severance of the parental bond. The question is not whether the appellant is a good or attentive mother, but whether she is to be characterized, in the law, as being no mother at all. The proof is not there and the case should be remanded with instructions to dismiss the petition.