**In re ADOPTION OF W.B.L.**

**No. 65912.**

Supreme Court of Missouri,
En Banc.

Dec. 18, 1984.

David G. Neal, Eminence, for petitioners-respondents.

Randy P. Schuller, Piedmont, for respondent-appellee.

DONNELLY, Judge.

This appeal is from the trial court's granting, upon remand by this Court in *In re Adoption of W.B.L.*, 647 S.W.2d 531 (Mo. banc 1983), the adoption of a child on the grounds of abandonment and neglect by the natural mother under § 453.040(4), RSMo 1978. The court of appeals reversed for lack of sufficient evidence to support the judgment. Upon application, this Court granted transfer. We affirm the trial court's judgment.

On October 19, 1979, respondents, the father and stepmother of the child, filed their petition for adoption. Section 453.-040(4), RSMo 1978, provides for adoption without the consent of a natural parent when the parent "has for a period of at least one year immediately prior to the filing of the petition for adoption, either willfully abandoned the child or willfully neglected to provide him with proper care and maintenance."[1] In its initial determination, the trial court found the natural mother had willfully abandoned and neglected the child from "August of 1978 until September of 1979," a period of greater than one year, and granted the adoption. Because the trial court's findings contained a gap "in the requisite statutory period between October 19, 1979, the date of filing the petition, and the end of September 1979," we remanded for the trial court to consider whether abandonment continued until October 19, 1979, as required by § 453.040(4). Without taking additional evidence, the trial court then filed an amended decree, finding that the abandonment and neglect had continued from August of 1978 until October 19, 1979, and again granted the adoption. The natural mother contests the sufficiency of the evidence supporting the determination of abandonment and neglect, and asserts that in late September or early October 1979, she attempted to exercise her visitation rights and that she repented any earlier abandonment. Accordingly, she seeks reversal of the adoption decree.

This Court must sustain the decision of the trial court unless there is no substantial evidence to support its judgment, the judgment is against the weight of the evidence or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). This *standard*

*of review* on appeal is not inconsistent with the high "clear, cogent and convincing" *standard of proof* which Missouri law requires to be satisfied by the trial court as fact finder in termination cases. That same standard of proof applies both to termination cases initiated by the state, § 211.447.2(2), RSMo Cum.Supp.1984; *see Santosky v. Kramer*, 455 U.S. 745, 749, n. 3, 102 S.Ct. 1388, 1392 n. 3, 71 L.Ed.2d 599 (1982), and in conjunction with adoption under Chapter 453. *In re T.C.M.*, 651 S.W.2d 525 (Mo.App.1983); *In re Adoption of Richards*, 624 S.W.2d 483 (Mo.App. 1981); *In re Adoption of Baby Boy Doe*, 600 S.W.2d 658 (Mo.App.1980). The clear, cogent and convincing standard of proof is met when the evidence "instantly tilt[s] the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true." *In re O'Brien*, 600 S.W.2d 695, 697 (Mo.App. 1980). Accordingly, this standard of proof may be met although the court has contrary evidence before it. *Grissum v. Reesman*, 505 S.W.2d 81, 86 (Mo.1974). Likewise, evidence in the record which might have supported a different conclusion does not necessarily demonstrate that the trial court's determination is against the weight of the evidence. *Stegemann v. Fauk*, 571 S.W.2d 697, 700 (Mo.App.1978).

Prior to remand, we concluded that the "record amply supports the trial court's conclusion that there was a willful abandonment by the natural mother of the child for the one-year period between August, 1978, and September, 1979." The question remaining is the effect of the mother's actions after that time until the petition was filed on October 19, 1979.

---

1. The 1982 Amendment to this section changed the statutory period of abandonment or neglect obviating consent as follows:

> The consent of the adoption of a child is not required of
>
> * * * * * *
>
> (4) A parent who has for a period of at least six months, for a child one year of age or older, or at least sixty days, for a child under

one year of age, immediately prior to the filing of the petition for adoption, willfully abandoned the child or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide him with necessary care and protection;

 * * * * * *

A parent may repent of an abandonment. *In re K.M.B.*, 544 S.W.2d 590 (Mo.App.1976). However, not every gesture by a natural parent will terminate such abandonment. *D.A.Z. v. M.E.T.*, 575 S.W.2d 243 (Mo.App.1978); *see generally* Annot., 35 A.L.R.2d 662, § 6 (1954). Whether or not there has been an abandonment—or repentence of abandonment—requires an examination of the parent's intent, an inferred fact, determined by considering all the evidence of the parent's conduct, *In re T.C.M.*, 651 S.W.2d 525 (Mo. App.1983), including that before and after the statutory period. *In re Adoption of R.A.B. v. R.A.B.*, 562 S.W.2d 356 (Mo. banc 1978).

We maintain that adoption statutes are to be strictly construed in favor of the natural parents. *In re Adoption of R.A.B.*, 562 S.W.2d at 360. However, in this case the factual issue of the natural mother's intent is determinative. On appeal of a court-tried case, the appellate court defers to the trial court on factual issues because it is in a better position not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record. *Mazurek v. Mazurek*, 575 S.W.2d 227, 229 (Mo.App.1978); *L.H.Y. v. J.M.Y.*, 535 S.W.2d 304, 306 (Mo. App.1976). As the trier of fact, the trial court has leave to believe or disbelieve all, part or none of the testimony of any witness. *In re Adoption of Shelly*, 625 S.W.2d 183, 184 (Mo.App.1981); *Willard v. Doyle*, 612 S.W.2d 884, 888 (Mo.App.1981); Rule 73.01(c)(2). The trial court is in an especially advantageous position to determine the intent of a parent-witness in an adoption case.

In this case, the trial court found or reasonably could have found the following facts as a basis for its decision. Upon the dissolution of the marriage on June 22, 1977, primary custody of the child, then less than three years of age, was awarded to the father. The natural mother was granted reasonable visitation and custody during each month of July, the first and third weekends of other months and for one week at Christmas. She kept the child not more than 15 days in July 1977. From that time until July 1978, she assumed custody for the full period of Christmas 1977, but otherwise only sporadically exercised her privilege of weekend custody or visitation. She had custody of the child for only five days in July 1978. Thereafter she had custody of the child the last weekend in August 1978. She has not had custody of the child since that time. Although she asserted that she was unable to visit the child because of problems with transportation and finances, her own testimony showed that she owned an automobile, travelled frequently and extensively, and was frequently employed and making sufficient income to finance visitation. In addition to her failure to visit the child, the natural mother has not communicated with him by telephone or mail since August 1978.

During the statutory period, the natural mother made one attempt to contact the child for the purpose of exercising Christmas visitation in December of 1978. She called the father's mother and was told the child was not at his grandmother's and to contact the father. She did not do so. In the latter part of September or first part of October 1979, she next contacted the father concerning visitation with the child. At that time the father and stepmother had employed an attorney to file this case. Upon the lawyer's advice, the father refused to extend visitation to the appellant. He had done nothing to impede or refuse visitation until this time. After learning that this proceeding was to be commenced, the natural mother filed a motion for contempt for denial of visitation, but so far as demonstrated by the record did not pursue that motion. Even though this case was not decided until May 1981, the record does not show that she made any other effort to see or communicate with the child.

The natural mother offered various excuses for not seeing or communicating with the child after August 1978. These excus-

es included the absence of transportation, inclement weather, shortages of funds, lack of knowledge of the father's phone numbers, denial of visitation and the professed absence of knowledge that she was to have custody during the entire month of July. It is of critical significance that in virtually every instance these excuses were directly contradicted and impeached. The trial court expressly found them "not credible," and "unconvincing and transparent."

The trial court also found the natural mother's attempts to contact the child to be "half-hearted and token," noting that "she failed to follow-up on her efforts" when they did not yield an immediate result, and "did not persist" in her cause to visit with the child. In so doing, the trial court followed the admonition contained in *In re Adoption of Richards*, 624 S.W.2d 483 (Mo.App.1981), by setting forth with particularity its reasons for disregarding the belated activity of the natural mother.

The trial court expressly determined the natural mother willfully abandoned and neglected the child within the meaning of § 453.040. It was in a far better position than this Court to evaluate the sincerity of the appellant and her excuses. Because there is substantial evidence to support the trial court's determination and this Court does not have a firm belief that it is against the weight of the evidence, the determination must be sustained.

The judgment is affirmed.

WELLIVER, HIGGINS, GUNN and BILLINGS, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

RENDLEN, C.J., dissents and concurs in separate opinion of BLACKMAR, J.

BLACKMAR, Judge, dissenting.

I believe that the Court of Appeals' majority reached the right solution to the problem before us and would reverse the judgment terminating the mother's rights as a parent and allowing the adoption of the child by a stepmother.

The removal of parental rights without consent is a drastic thing, carefully limited by the statutes. We made it clear, in our earlier opinion in this case, *In re Adoption of W.B.L.*, 647 S.W.2d 531 (Mo. banc 1983), that abandonment for the one-year period immediately preceding the filing of the petition must be shown. The evidence before us shows conclusively that, before the petition for adoption was filed, the natural mother took the only steps available to her to repent of any abandonment. She sought to visit the child and was met by an abject, wrongful refusal. Had the visit been allowed, the one-year period of abandonment would have been interrupted. The principal opinion allows the father to profit by his own wrong. Nor can he justify his conduct by saying that he simply followed his attorney's advice.

The result makes a mockery of the proposition, to which the principal opinion does lip service, that "a parent may repent of abandonment," and apparently precludes repentance if the other parent has consulted counsel about terminating the repenting parent's rights. The reiteration of the principle that "adoption statutes are to be construed strictly in favor of the natural parents" likewise has a hollow sound, in view of the result reached. The statute governing this case required a showing that the challenged parent "willfully abandoned" the child. These are strong words. The record does not support the required finding. The principal opinion ignores our unanimous opinion in *Adoption of R.A.B. v. R.A.B.*, 562 S.W.2d 356 (Mo. banc 1978).

*Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) does not stand as a bar to reversal. There simply is no evidence to support the finding of willful abandonment during the critical period. The attempted contact, which was frustrated by the father's refusal, and the subsequent filing of a contempt action, were unequivocal and admitted steps refuting the claim of abandonment. There is no basis for the trial judge's branding them "half-hearted and token." Nor can I fault the mother for not persisting in the contempt proceeding when

it could be assumed that the present action would lead to a determination of the whole matter in accordance with the law, or for failure to attempt visits while the litigation was pending.

It is idle, furthermore, to pretend that memory of his true mother can be erased from the memory of this 10 year old child. The legislature was wise in enunciating strict standards for abandonment. I doubt that the Court will help matters by relaxing these standards.

The trial judge well might believe that it would be better for the child if the natural mother were completely eliminated from his life and thought. But this is not enough. This is not a custody case. The mother who bore the child has rights, carefully delineated by law. The principal opinion ignores these rights and gives trial judges powers not intended.