**In the Interest of M.L.S.,**
**Plaintiff-Respondent,**

v.

**C.S., Defendant-Appellant.**

**No. 50533.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 22, 1986.

Allan F. Stewart, Clayton, for defendant-appellant.

Brian Paul Seltzer, Public Counsel, Peter J. Maniscalco, Clayton, for plaintiff-respondent.

KAROHL, Presiding Judge.

Natural mother, C.S., appeals the judgment of the Juvenile Court of St. Louis County terminating her parental rights to her seven-year old daughter, M.L.S. The court also terminated the natural father's

parental rights on grounds of abandonment. § 211.447.2(2)(a) RSMo Cum.Supp. 1984.[1] Only C.S. the natural mother has appealed. Affirmed.

M.L.S. was born September 8, 1978. The juvenile court took jurisdiction over M.L.S. on January 8, 1980, and the Division of Family Services continually rendered services to aid C.S. from 1980 through 1985. The original petition to terminate parental rights was filed on September 24, 1984, and amended twice.

C.S. visited the child nine times between February 1980 and April 1985. Throughout this period, C.S. was diagnosed as a "schizophrenic, residual type." She suffered from this condition for at least ten years, and the likelihood the condition was reversible was "extremely remote and slim." C.S.'s basic limitation is her inability to think or act purposely or intentionally. She is not able to plan and carry out any goal-directed actions or behavior and this greatly impairs her ability to care for a minor child. The opinion of the appellant's doctor indicated that it would be at least five years before C.S. could provide adequate care for the child. The doctor's findings were supported by a D.F.S. case worker assigned to C.S. and by a registered nurse who monitored C.S. at a boarding home facility for psychiatric patients.

Based on this evidence, the juvenile court found that C.S. had a mental condition which rendered her unable to form an intent or to act knowingly and there was no reasonable likelihood this condition could be reversed. § 211.447.2(2)(g) a. and b. RSMo Cum.Supp.1984. The juvenile court also found that M.L.S. had been under its jurisdiction continuously since January 8, 1980 and since then C.S. had failed to rectify the conditions which formed the basis of the court's original jurisdiction (failure to care for M.L.S), despite reasonable, continuing and diligent efforts by the Missouri

Division of Family Services to aid C.S. Specifically, the court found that there was reasonable cause to believe that even if given additional time, C.S. could not rectify these conditions. § 211.447.2(2)(i)b. RSMo Cum.Supp.1984.

C.S. contends that the judgment to terminate was erroneous because the charges of failure to rectify and mental condition were not proven by sufficient evidence, and that the evidence failed to support a finding that termination of her rights was in the best interest of the minor. In order to overrule the decision of the trial court, the appellant must show that there is no substantial evidence to support the judgment, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *In re Adoption of W.B.L.*, 681 S.W.2d 452, 454 (Mo. banc 1981).

The authority seeking termination must prove one or more of the statutory grounds for termination by clear, cogent and convincing evidence. *Juvenile Office v. M.E.J.*, 666 S.W.2d 957, 960 (Mo.App. 1984); *In re Adoption of W.B.L.*, 681 S.W.2d at 454. Only after it has made a determination that one or more of the statutory grounds exists may the trial court reach the issue of the best interests of the child. *In re Adoption of M.D.L. v. D.L.*, 682 S.W.2d 886, 889 (Mo.App.1984).

We find sufficient evidence to support the trial court's conclusion that C.S. suffered from a mental condition which rendered her unable to form an intent and to act knowingly, and that there was no reasonable likelihood that the condition was reversible. The result of this condition is that C.S. is unable to give the child M.L.S. necessary care and protection. There was clear, cogent and convincing evidence to support the trial court's finding that the condition which justified the juvenile

---

1. We recognize that this statutory provision has since been amended in § 211.447 RSMo Non Cum.Supp.1985. The applicable statute, however, is § 211.447 RSMo Cum.Supp.1984 based on the date the appeal was filed.

court's jurisdiction over M.L.S. was not and could not be rectified by C.S., even if given more time.

■ Because the issue of appellant's mental condition is supported, it is unnecessary for us to consider whether appellant's claim that her failure to rectify these conditions was based on the failure of D.F.S. to render reasonable, diligent and continuing services to C.S.. As long as one of the grounds for termination is sufficiently supported, then the termination must stand. *B.J.D.B. v. J.B.G.*, 698 S.W.2d 328, 330 (Mo.App.1985). Any effort by D.F.S. would not have overcome her mental disability and inability to rectify. The court could not excuse the failure to rectify on the grounds that such help was not given because appellant was mentally unable or disabled, and the services of D.F.S. could not assist her to rectify the conditions. We do not decide that D.F.S. was ineffective.

■ The decision of the juvenile court may also stand only if this court finds that the termination was in the best interest of M.L.S. Appellant attacks this finding on two grounds: (1) the evidence fails to prove that termination is in the child's best interest; and (2) the termination of C.S.' rights to M.L.S. will separate M.L.S. from a fourteen-year old brother, J.S., not involved in this litigation. Both children are currently living together in a foster home.

The concept of "best interests of the child" must be applied on a case by case basis and must be applied under "imprecise substantive standards that leave determinations unusually open to the subjective values of the judge." *Santosky v. Kramer*, 455 U.S. 745, 762, 102 S.Ct. 1388, 1399, 71 L.Ed.2d 599 (1982), *quoted in, In the Interest of H.J.P.*, 669 S.W.2d 264, 272 (Mo.App.1984). Our supreme court recently determined whether termination of parental rights by substantial evidence was in the child's best interests in *D.G.N. v. S.M.*, 691 S.W.2d 909, 913 (Mo. banc 1985). In that case and the present case, the child was continuously separated from the parent nearly all of its infancy and early childhood. Because of C.S.' disability, there is no likelihood that C.S. could resume parental responsibilities at any fixed future time. Even after five years, when M.L.S. will be twelve years of age, the prospect of living with the natural mother is uncertain, if not too late to provide a permanent home for the child.

■ The second attack on the finding of best interests concerns the brother-sister relationship between M.L.S. and J.S. J.S. is the fourteen-year old brother of M.L.S. The separation of brother and sister is a relevant factor to consider when determining whether termination is in the best interests of M.L.S. *See In re Adoption of G*, 389 S.W.2d 63, 69 (Mo.App.1965). However, the prospect that the termination of the parental relation of C.S. and M.L.S. will result in the adoption of M.L.S. by others and thereby cause a separation of the siblings is a matter to be determined if and when an adoption is prospective, and then by the adoption court. The termination in the present proceeding does not operate, in law, to separate the siblings in the legal status of brother and sister. Presently, a foster mother is providing a home for both M.L.S. and her fourteen-year old brother, J.S. It is not clear why the termination proceeding relates only to M.L.S. What is clear, however, is that the termination proceeding in itself will not sever the brother-sister relationship.

We find the grounds for termination of parental rights of the natural mother were established by the requisite measure of proof, particularly the allegation of disabling mental condition. We also find that the determination and judgment of the trial court is consistent with the best interests of the child under the facts in evidence.

Affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.