**In the Interest of J.H.D.**

No. 53007.

Missouri Court of Appeals,
Eastern District,
Division One.

March 8, 1988.

Rehearing Denied April 6, 1988.

Maurice D. Early, St. Louis, for appellant.

Lance C. Bretsnyder, St. Louis, for respondent.

REINHARD, Judge.

Natural father appeals after the termination of his parental rights to a 13-year old child. We affirm.

The child was born out of wedlock on June 8, 1974. On June 17, 1981, the child was found to be within applicable provisions of § 211.031, RSMo 1978. Following placement with a relative and a return to the custody of the mother, the child's custody again was transferred to the Missouri Division of Family Services on April 17, 1984, at which date the child had been in a foster home for about one year.

The juvenile officer filed a petition to terminate parental rights on September 9, 1986, alleging that both parents had abandoned the child in that they "for a period of time exceeding six months prior to the filing of this petition [have], without good cause, left the child without any provisions for parental support and without making arrangements to visit with or communicate with the said child, although able to do so." After hearing evidence, the court terminated the parental rights of both parents.

Father appeals contending the court's order was not supported by clear, cogent, and convincing evidence as required by § 211.447, RSMo 1986. Section 211.447 provides in pertinent part:

2. The juvenile court may terminate the rights of a parent to a child upon a petition filed by the juvenile officer, if it finds that the termination is in the best interests of the child and when it appears by clear, cogent and convincing evidence that one or more of the following grounds for termination exist:

(1) The child has been abandoned. The court shall find that the child has been abandoned if, for a period of six months or longer for a child over one year of age ...:

....

(b) The parent has without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so;

....

3. When considering whether to terminate the parent-child relationship pursuant to subdivision (1) ... of subsection 2 of this section, the court shall evaluate and make findings on the following factors, when appropriate and applicable to the case:

....

(2) The extent to which the parent has maintained regular visitation or other contact with the child;

(3) The extent of payment by the parent for the cost of care and maintenance of the child when financially able to do so including the time that the child is in the custody of the division or other child-placing agency;

....

(6) The conviction of the parent of a felony offense that the court finds is of such a nature that the child will be deprived of a stable home for a period of years; provided, however, that incarceration in and of itself shall not be grounds for termination of parental rights....

....

4. The court may attach little or no weight to infrequent visitations, communications, or contributions. It is irrelevant in a termination proceeding that the maintenance of the parent-child relationship may serve as an inducement for the parent's rehabilitation.

This court must sustain the decision of the trial court unless there is no substantial evidence to support its judgment, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In *In re Adoption of W.B.L.*, 681 S.W.2d 452 (Mo. banc 1984), our supreme court discussed the interplay between the *Murphy v. Carron* standard of review and the "clear, cogent and convincing" standard of proof which § 211.447 requires of the trial court as fact finder in termination cases. The court noted that "this standard of proof may be met although the court has contrary evidence before it. Likewise, evidence in the record which might have supported a different conclusion does not necessarily demonstrate that the trial court's determination is against the weight of the evidence." 681 S.W.2d at 454 (citations omitted).

According to the child's foster mother, the child had resided with her since April 1983. During that time, she said, father did not contact the child except to send a letter and a card around Christmas 1986, after the petition to terminate had been filed. She also testified that father had provided no support to the child during that period, although there was evidence that father was employed at various jobs from 1982 through 1985. The child's mother testified that she had maintained contact with father from 1984 through 1986 and that he was aware that the child was in the custody of Family Services.

Father directs our attention to evidence that he argues militates against termination. After being served with the petition to terminate, he did show an interest in the child; this was too late. In July 1984, father was in jail in Illinois but apparently aware at that time that the Division of Family Services had custody of the child. At that time, father's girlfriend contacted Family Services "to find out about the status of [the child]." The girlfriend was informed that she could see the child and was asked to have father contact Family Services. Nothing came of this communication. Father's inquiries to mother in the distant past are insufficient to cause us to reject the trial court's determination. Evidence was unclear about father's various periods of incarceration, although references were made to a period of parole, a parole revocation, and a possible conviction for

selling drugs. Father was imprisoned in the federal penitentiary at Leavenworth, Kansas, at the time of the hearing, a period of incarceration that began during the summer of 1986, less than six months prior to the filing of the petition to terminate.[1]

The trial court found that father had abandoned the child because he did not visit or contact the child and did not support the child during the relevant time period. In light of the standard of review in *Murphy v. Carron*, 536 S.W.2d at 32, and our supreme court's standard of proof pronouncement in *W.B.L.*, 681 S.W.2d 452, we conclude that the order of termination is supported by clear, cogent, and convincing evidence. Because we conclude the trial court was correct in its finding that father abandoned the child, we need not consider father's other point relied on. An extended opinion would have no precedential value. Rule 84.16(b).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

1. It is clear from the trial court's decree that father's incarceration did not provide the sole reason for termination of his parental rights.