**In the Interest of D. E. J., J. C. D. and M. M. S., Respondents,**

v.

**G. H. B., Appellant.**

**No. WD 31409.**

Missouri Court of Appeals, Western District.

Dec. 2, 1980.

Miner & Speiser, Edward P. Speiser, St. Joseph, for appellant.

Robert B. Randolph, St. Joseph, for respondents.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

The natural mother of three minor children, each of whom had different fathers, has appealed from an order of the Juvenile Division of the Circuit Court of Buchanan County, Missouri, terminating her parental rights in and to said children.

The Chief Juvenile Officer of Buchanan County, Missouri filed separate petitions for termination of parental rights in and to each child. It was alleged in the petitions, among other things, that each child had been under the jurisdiction of the court and in the custody of the Division of Family Services for more than one year immediately prior to the filing of the respective petitions by reason of previous orders entered by the Juvenile Division of the Circuit Court of Buchanan County pursuant to Sections 211.031 and 211.181, RSMo 1978. One condition common to all three petitions, substantially paraphrased, was relied upon for termination of the respective parental rights, namely, that the child had been under the jurisdiction of the court for more than one year immediately prior to the filing of said petition, and the parents had failed to rectify the conditions which formed the basis of the petition filed under Section 211.031, RSMo 1978, and the order entered under Section 211.181, RSMo 1978, and there was reasonable cause to believe that the parents would not rectify those conditions, and that the Division of Family Services had made a diligent effort to aid the parents to rectify the conditions and provide a proper home for the child. The condition asserted in each petition for termination of parental rights comported with Section 211.447.2(2)(h)b, RSMo 1978.

The petitions were consolidated for hearing and at the conclusion thereof an order was entered terminating the parental rights of the respective fathers. However, termination of the parental rights of the mother was taken under advisement for six months. Although the petitions for termination of parental rights did not allege or rely upon abandonment, and the thrust of the evidence adduced was not in that direction, the order terminating the parental rights of the fathers (by whom no appeals were taken) merely recited that "the father of each of these children has abandoned them and his parental rights should be terminated". Surprisingly, the order terminating the parental rights of the fathers also recited that "the mother of these children has also abandoned them as alleged in the petition." Some six months later a

supplemental hearing was held and an order was entered terminating the parental rights of the mother. The order terminating the parental rights of the mother merely recited that the mother "has not been able to provide a stable home for these children and that it is in the best interests of these children that their mother's parental rights be terminated."

■ Section 211.482, RSMo 1978, provides, in part that "[a]n order of the court terminating parental rights shall be in writing and shall recite the jurisdictional facts, a factual finding of one or more of the conditions set out in section 211.447, and that the best interest of the child is served by terminating all parental rights of the parent." The law conceives the relationship of parent and child as virtually inviolable save for only the most extraordinary of circumstances. Accordingly, severance of the parent–child relationship by act of law is an exercise of awesome power and demands strict and literal compliance with the statutory authority from which it is derived. *S.K.L. v. Smith*, 480 S.W.2d 119, 123 (Mo.App.1972); and *In re C____*, 468 S.W.2d 689, 691 (Mo.App.1971). Section 211.482, *supra,* is more than idle, statutory rhetoric. It means what it says and compliance is obligatory. The abstract recital that the mother "has not been able to provide a stable home for the children" does not measure up to the statutory requirement of recital of "a factual finding of one or more of the conditions set out in section 211.447."

■ A combination of the vague, indefinite nature of the order terminating the mother's parental rights and the unfortunate interspersion of "abandonment" in the initial order terminating the parental rights of the respective fathers has racked the mother's appeal with untold confusion and uncertainty. The mother, on the one hand, contends on appeal that there was no "clear, cogent and convincing evidence" (Section 211.447.2(2), RSMo 1978) that she had abandoned the children. Petitioner, on the other hand, contends on appeal that the reference to "abandonment" "was simply a mistake of terminology" and then proceeds

to emphasize that the sole condition relied upon for termination of the mother's parental rights was as pleaded in conformity with Section 211.447.2(2)(h)b, *supra.* This pervasive confusion is further compounded by the fact that petitioner, on appeal, requested leave of this court to file a supplemental transcript consisting of court files of the Juvenile Division of the Circuit Court of Buchanan County of related proceedings involving the children under Sections 211.031 and 211.181, RSMo 1978. Petitioner's request to do so was made in the face of a record that is silent as to whether the court files referred to were offered as exhibits, or admitted into evidence, or that the trial court took judicial notice of them in the parental termination proceedings. Petitioner, in support of his belated request to file a supplemental transcript, summarily concludes that it was "obvious the trial judge took judicial notice of the entire Juvenile Court's files regarding ... [the mother] and the children." This court does not perceive the matter as possessing such an "obvious" aura. Petitioner, moreover, senses no restraint or inhibition in implying that the order terminating the mother's parental rights was inescapably posited on the singular condition pleaded in conformity with Section 211.447.2(2)(h)b, *supra.*

Recital of "a factual finding of one or more of the conditions set out in section 211.447" was not contained in the order terminating the mother's parental rights as required by Section 211.482, *supra,* and cannot be supplied by implication from the ultimate order terminating the mother's parental rights. Otherwise, violence would be done to the statutory procedure mandated by the legislature for severing by law the sacred parent–child relationship. The statutorily infirm nature of the order terminating the mother's parental rights, and the confusion which it has generated, prevents this court from reaching any of the substantive issues tendered on appeal.

The judgment of the trial court is reversed and the cause is remanded for further proceedings, including the taking of further evidence if deemed necessary or

advisable by the trial court, with directions that any order terminating the mother's parental rights be in compliance with Section 211.482, *supra*.

Reversed and remanded with directions. All concur.