619 S.W.2d 863 (1981)
In the Interest of R. S. P., H. D. P., and C. M. P., Minors.
R. P., Mother of R. S. P., H. D. P. and C. M. P., Appellant,
v.
Kenneth JONES, Juvenile Officer, Respondent.
No. WD 32087.
Missouri Court of Appeals, Western District.
June 30, 1981.
*864 David A. Baird, Maryville, for mother of minors, R.S.P., H.D.P., and C.M.P.
Peter M. Somerville, Rockport, for juvenile officer.
B. W. Gorman, Tarkio, as guardian ad litem.
Before MANFORD, P. J., and DIXON and NUGENT, JJ.
MANFORD, Judge.
This is a direct appeal from a judgment in the form of an order of the Juvenile Division, Fourth Judicial Circuit, terminating parental rights. The judgment is reversed.
The natural mother prosecutes this appeal. Three children are involved. Two children share one natural father and the other child has a separate natural father. One father defaulted in the proceedings, while the other participated. Neither father joins in this appeal.
Pending this appeal, the guardian ad litem filed his motion entitled Application for Instructions. This motion asked this court to determine what payment of fees and costs, if any, were allowable to the guardian. The motion was ordered taken with the case.
This cause could be reversed and remanded solely upon the circuit court's failure to comply with § 211.482, RSMo 1978. That section has been held to be mandatory and requires the circuit court to recite, in writing, the jurisdictional facts and to include a factual finding of one or more of the conditions set forth in § 211.447, RSMo 1978. This section (§ 211.482) has been construed, and this court has declared that "Section 211.482, supra, is more than idle, statutory rhetoric. It means what it says and compliance is obligatory. In the Interest of D. E. J., et al. v. G. H. B., 609 S.W.2d 472 (Mo.App.1980). D. E. J. directly disposes of this appeal upon a finding herein that the circuit court failed to comply with § 211.482. The mere declarations in the lower court's order that the "allegations of the petition filed herein are true ..." and that "it is in the best interests of the three children, H__D__P__, C__M__P__, R__S__P__ that all parental rights of E__P__ (natural father), R__P__ (natural mother) and J__D__ (natural father) with reference to said children be terminated," are insufficient under the mandate of § 211.482 and D. E. J., supra.
A reversal and remand upon this technical ground would accomplish little toward *865 the ultimate disposition of this cause. The age of these children and the record before this court indicate that the instant proceeding should be finally disposed of in this court. In addition to the deficiency with respect to the findings of fact, there is a ground for reversal that will persist even with a statutory finding of fact.
Even if it is assumed that the trial court's general finding that the allegations of the petition are true represents a finding of the statutory basis for abandonment, the evidence is insufficient to support such a finding.
The petition filed by the juvenile officer alleges, in addition to abandonment, that the juvenile court had jurisdiction of the three children pursuant to § 211.031 and § 211.181, RSMo 1978. The record reflects that the court did have such jurisdiction. The problem is that the petition further alleges that "there is no reasonable cause to believe that the parents will not, even if given more time, rectify those conditions." The problem lies in the failure to adduce sufficient evidence from the § 211.031 proceedings or any further sufficient evidence to support a conclusion that rectification of the parental failing which caused the court to take jurisdiction would occur or fail to occur.
It must be noted that disposition of this present appeal is in no way to be construed as invalidating, altering or modifying the circuit court's jurisdiction and authority over these three children pursuant to the prior proceedings under § 211.031 and § 211.181, nor should the natural parents herein assume that this opinion authorizes or even supports a return of custody of these children to the parents. That issue awaits determination in the future. The issue, however, is one of abandonment which has been defined within the statute as a willful, positive act with an intention to permanently sever the parent/child relationship, see In re Trapp, 528 S.W.2d 489 (Mo.App.1975). The evidence required to prove abandonment must be clear, cogent and convincing because of the seriousness of severing the parent/child relationship. The evidence in this record wholly fails to prove by that standard the necessary abandonment.
The lack of proof of a failure by the natural parent to rectify the conditions which caused the court to assume jurisdiction of these children is aggravated by the positive evidence that before the six month period of abandonment commenced the juvenile officer and the Division of Family Services had formed an intent to terminate the parental rights. It may be inferred that the long history of involvement of this family with the Division of Family Services gave substance to that intent. In such circumstances, the Division and the Juvenile officer must scrupulously conform to the requirement of the statute to provide counseling and support to the parents to rectify the conditions which, if not rectified, will result in termination. The evidence in this case will not support by clear, cogent, and convincing evidence the performance of that statutory duty of counseling and support that the statute requires.
There remains one final point to resolve. This court should note that the guardian ad litem, a prominent attorney of long standing, was appointed by the circuit court. He exhibited diligence before both the circuit court and this court. His services to and on behalf of the children in this cause and to the court are, to say the least, exemplary. The guardian, by proper motion, asks this court to rule upon both his continued responsibility and the provision, if any, for payment of a guardian ad litem fee.
The responsibility of the guardian ad litem shall continue as before unless, upon good showing to the circuit court and pursuant to an order from the circuit court, he is relieved from any further responsibility and the circuit court appoints a duly qualified successor guardian ad litem. This court does not doubt that this responsible member of the bar will unhesitantly continue his responsibility to these children and the court unless some unforeseen condition no longer makes that possible.
*866 As to the matter of guardian ad litem fees and costs, this court cannot make provision for the payment of such fees as there is no statutory authority to do so, see In Interest of Ray, 602 S.W.2d 955 (Mo.App. 1980). The lack of such authority, has, on prior occasions, prompted this court to urge the legislature to correct this unfair situation imposed upon members of the bar. While awaiting legislative action, this court has observed that the guardian ad litem herein and other similarly situated nonetheless continue to meet the responsibilities placed upon them by such appointments. These individuals have the heartfelt appreciation of the courts and it is certainly hoped that appreciation is shared by the direct recipients of their professional assistance and by the public at large.
While this court does not find the ruling of the guardian ad litem's motion to be the most pleasurable decision it has had to render, the court must, in ruling thereon, direct the guardian ad litem to continue his active participation herein until otherwise relieved by the circuit court and only until a successor guardian ad litem has been appointed by order of the circuit court.
On the matter of fees, this court is bound by the ruling in Ray and must therefore deny the granting of any guardian ad litem's fees herein.
As to the matter of costs involved in the printing of briefs, this court construes the same taxable as court costs pursuant to § 211.462, RSMo 1978. This section expressly authorizes the circuit court to order payment for same by the parties designated within § 211.462. The guardian ad litem should submit such bills to the circuit court for its approval.
For the reasons set forth herein, this cause is reversed. Reversal of this proceeding does not, as indicated, change the status of these children nor bar the institution of another proceeding under § 211.482 for the termination of parental rights.
All concur.