914 S.W.2d 408 (1996)
In the Interest of S.C. and L.C., Plaintiffs.
JUVENILE OFFICER, Respondent,
v.
C.C.Natural Father, Appellant.
No. WD 50826.
Missouri Court of Appeals, Western District.
January 30, 1996.
*410 Suzanne A. Block, Kansas City, for Appellant.
Lori Stipp, Kansas City, for Respondent.
Joseph H. Locascio, Kansas City, Guardian Ad Litem.
Before ULRICH, P.J., and BRECKENRIDGE and SMITH, JJ.
SMITH, Judge.
Father appeals from the Judgment of the Circuit Court of Jackson County, Missouri, terminating his parental rights pursuant to § 211.447, RSMo 1994. The father asserts two points on appeal: 1) there was insufficient evidence to support the conclusion that grounds for termination existed pursuant to § 211.447.2(2), in that the only relevant evidence supporting termination was that the father failed to contribute financially to the support of his children while they were in DFS custody; and, 2) there was insufficient evidence to support the conclusion that grounds for termination existed pursuant to § 211.447.2(3), RSMo, in that the only relevant evidence supporting termination was that the father failed to overcome a substance abuse problem and failed to take every action recommended by DFS in order to combat that problem. We affirm.

FACTS
DFS was involved with this family from July, 1987 until August, 1989. S.C., born December 15, 1986, was placed in foster care due to burns received from scalding bath water. The father visited the child during this period and attended the child's medical appointments regularly. After a psychological evaluation, Dr. Sisk recommended that S.C. not be placed with the father until he attended parenting classes, received job skill training and completed his education. He never held a job during this two year period though he was capable of working.
In 1989, S.C. was returned to the parent's custody and eventually released from the Family Court's jurisdiction. L.C. was born on December 24, 1990, and shortly thereafter, Father kicked Mother and the two daughters out of the home. S.C. and L.C. were placed in foster care after their sister died as the result of physical abuse by a non-relative caretaker in November, 1991.
The Family Court sustained the Fourth Amended Petition on March 6, 1992, alleging the mother had knowingly left the children in an unsafe environment and the father lacked adequate parenting skills to care for the children. Both parents stipulated to the allegations in the petition. The petition to terminate parental rights was filed on September 15, 1994. The mother did not challenge the termination petition and executed a waiver of consent to adoption of her children.
At trial, the DFS social worker assigned to the family testified that DFS did not recommend placing the children with the father due to his history of drug abuse. He had on numerous occasions smoked PCP in the presence of the children. On one occasion, the father was transported from work by ambulance to the hospital for a life-threatening drug overdose.
*411 DFS and the father negotiated nine written service agreements between November, 1992 and April, 1994 that required him to participate in a drug treatment for PCP usage, in addition to submitting to random urine tests. He failed to comply with any of the agreements. Appellant admitted his continued use of PCP and repeatedly refused to submit to random urine samples. At trial, a professional counselor testified that drug addiction prevents a parent from rendering parenting decisions consistently.
Evidence at trial also revealed that the father had an anger control problem. He has physically assaulted the mother numerous times. Father's counselor testified that father still had not resolved his anger control problems after one and one-half years of counseling. He testified further that father loved his children, but he wavered in his desire to take care of them. Primarily due to father's propensity towards physical violence and his continued drug abuse, he recommended that father's parental rights be terminated.
The father has problems with chemical dependency and anger control, and he failed to maintain stable employment or provide financial support for his children. He maintained housing for brief periods, but moved at least three times while DFS worked with him.

STANDARD OF REVIEW
For purposes of appellate review, juvenile proceedings are governed by the customary standards in court-tried cases. Interest of D.M.Y., 892 S.W.2d 792, 793 (Mo. App.1995). The trial court's judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). The facts presented in evidence and the reasonable inferences therefrom are viewed in the light most favorable to the trial court's judgment when reviewing the sufficiency of the evidence. Interest of D.M.Y., 892 S.W.2d at 793. Great deference is accorded the trial court with regard to fact finding issues and the credibility of witnesses. In Interest of L.J.M.S., 844 S.W.2d 86, 91 (Mo.App.1992).
The best interests of the child is the foremost concern in any termination of parental rights. In Interest of J.M., 815 S.W.2d 97, 101 (Mo.App.1991). The juvenile officer must prove his case by clear, cogent and convincing evidence. Id. This burden is met only "when the evidence `instantly tilts the scales in the affirmative when weighted against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true.'" In Interest of K.D.H., 871 S.W.2d 651, 656 (Mo. App.1994).

DISCUSSION
In his first point on appeal, appellant contends there was insufficient evidence to support the trial court's conclusion that grounds for termination existed pursuant to § 211.447.2(2), in that the only relevant evidence supporting termination was that the father failed to contribute financially to the support of his children while they were in DFS custody. "In a termination of parental rights proceeding, a trial court's order is sufficient to support termination if at least one of the grounds for termination was adequately pleaded and proved." R.L.P. v. R.M.W., 775 S.W.2d 167, 170 (Mo.App.1989). Section 211.447.2(2) provides for termination where the child has been adjudicated to have been abused or neglected. In determining whether to terminate parental rights under that subdivision, the court is required to consider and make findings as to four specified conditions or acts of the parent as found in subparagraphs (a) thru (d). In the event that the subject matter of any of said subparagraphs is not relevant to the disposition of this cause a finding should be made to that effect stating why a given subparagraph is irrelevant. In Interest of J.M., 789 S.W.2d 818, 822 (Mo.App.1990). Although the court is required to consider and make findings as to all four conditions or acts, the proof of one is sufficient for termination. R.L.P., 775 S.W.2d at 170; In Interest of J.M., 815 S.W.2d at 102. *412 In this case, the court considered and made findings as required by § 211.447.2(2) and found that termination was supported under subparagraphs (b) and (d). In that regard, the court found:
The Court finds by clear, cogent and convincing evidence that the child has been adjudicated to have been abuse[d] or neglected and pursuant to Section 211.337.2(2) RSMo., subsection (a) no evidence was adduced to support the existence of this factor. With respect to subsection (b) the evidence showed that the father suffered from a substance abuse problem with PCP and was unsuccessful in addressing that condition through counseling. With respect to subsection (c) the Court makes no findings with respect to this section as no evidence was adduced regarding that factor. With respect to subsection (d) the Court finds that the father has repeatedly and continuously failed, although physically and financially able to provide the child with adequate food, clothing, shelter and education as defined by law or other care and control necessary for the child's physical, mental or emotional health and development.
Subparagraph (b) of § 211.447.2(2) requires the court to consider if the parent has a "[c]hemical dependency which prevents the parent from consistently providing the necessary care, custody and control of the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control." Subparagraph (d) requires the court to consider the "[r]epeated or continuous failure by the parent, although physically or financially able to provide the child with adequate food, clothing, shelter, or education as defined by law, or other care and control necessary for his physical, mental, or emotional health and development." We find from the record that there was clear, cogent and convincing evidence sufficient to support termination under subparagraph (b) or (d) as concluded by the court.
As to subparagraph (b), appellant does not deny his chemical dependency or its failed treatment, rather he contends there was no proof his drug usage impaired his ability to provide the necessary care, custody and control of the children. His contention is without merit.
The evidence reveals that the appellant was, in fact, a PCP addict who had completed three intensive drug programs without success. Pursuant to nine service agreements with DFS, he was required to participate in drug treatment for PCP usage and submit to random urine tests, but failed to fully comply. Appellant had on numerous occasions smoked PCP in the presence of the children. On one occasion, appellant was transported from work by ambulance to the hospital for a life-threatening drug overdose. At trial, a professional counselor testified that drug addiction prevents a parent from rendering parenting decisions consistently. Because of appellant's continuing use of drugs and his repeated failure to successfully complete substance abuse treatment, the court was justified in concluding that he suffered from a chemical dependency that was resistant to treatment and which prevented him from providing necessary care, custody and control of his children. In Interest of J.M., 815 S.W.2d at 102.
The record also contains sufficient evidence to support termination pursuant to subparagraph (d) of § 211.447.2(2) in that father provided no financial support to the children for at least the last three-year period where the children were in DFS custody. Although no demand was made by DFS for support, none is required to impose a duty of responsibility upon the parent for the support of their children while they were in DFS's custody. Further, the fact that support was supplied from another source does not obliterate a parent's duty to support. R.L.P., 775 S.W.2d at 171.
The fact that parents only earn minimum wages or work part-time would not prevent them from making "some" effort to assist in the support of their children. In Interest of J.A.M., 897 S.W.2d 141, 145 (Mo. App.1995). Since evidence showed that both parents spent money earned from jobs and selling drugs to support their own drug habits, the court could properly conclude they had the ability to make at least a "good faith" effort to provide for their children. Id.
*413 Appellant furnished S.C. and L.C. neither food, clothing, shelter, education, nor other necessary care for the three years the children were in DFS custody. However, he was able to maintain his drug habit. Apart from periods of incarceration, in addition to the drug addiction and hospitalization resulting therefrom, the record discloses no reason appellant was incapable of holding a job or was physically unable to provide at least in part for his children.
The trial court's finding of one condition or act is sufficient to support a termination of parental rights pursuant to § 211.447.2. Id.; See also In Interest of J.M., 815 S.W.2d 97 (Mo.App.1991). The record reflects sufficient evidence that appellant failed to meet his obligation with regard to the support of his children fulfilling subparagraph (d) of § 211.447.2. This was sufficient to terminate his parental rights.
Appellant's assertion that the trial court is required to find more than one condition in order to terminate his parental rights is incorrect. In Interest of J.A.M., 897 S.W.2d at 145; see also In Interest of J.M., 815 S.W.2d at 97. However, here the court found that evidence not only supported termination under subparagraph (b) of § 211.447.2(2), but also subparagraph (d). Point denied.
Appellant's second point on appeal asserts there was insufficient evidence to support the conclusion that grounds for termination existed pursuant to § 211.447.2(3) in that the only relevant evidence supporting termination was that the father failed to overcome a substance abuse problem and failed to take every action recommended by DFS in order to combat that problem. This court declines to address this point since we find the record supports termination pursuant to § 211.447.2 which requires us to affirm the trial court's judgment regardless of the merit of appellant's second point.
Judgment affirmed.
All Concur.