**In the Interest of K.O., a minor.**

**In the Interest of N.Z., a minor.**

No. 69533.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 19, 1996.

John Smith, St. Charles, for respondent.

William P. Grant, St. Louis, for appellant.

GARY M. GAERTNER, Judge.

Appellant, Janet Candela ("mother"), appeals the judgments of the Circuit Court of St. Charles County terminating her parental

rights to K.O., a minor child, and N.Z., a minor child. We affirm.

N.Z., born March 6, 1989, was mother's daughter by Mark Ziegemeier. K.O., born April 24, 1991, was her son by Keith Okai. As of February 20, 1992, mother lived with Keith Okai, N.Z., K.O., and Amber Okai, Keith Okai's four-year-old daughter by another woman.

On October 29, 1992, mother was charged with murder in the second degree, RSMo § 565.021.1 (1986),[1] for the death of Amber. The state alleged in its information that on February 20, 1992, mother, "with the purpose of causing serious physical injury to Amber Lynn Okai, caused the death of Amber Lynn Okai by striking her with blunt instrument and shaking her." On April 9, 1994, a jury found mother guilty, and on October 19, 1994, mother was sentenced to twenty-seven years imprisonment.

On March 5, 1992, prior to the filing of criminal charges, the juvenile officer for St. Charles County filed petitions for the termination of mother's parental rights to K.O. and N.Z. The juvenile officer alleged "on or about February 20, 1992, the natural mother did subject a sibling of the juvenile to severe or recurrent physical abuse resulting in the death of said sibling, while said sibling was a member of the same family unit as the juvenile ... in violation of Section 211.447.2(2)(c) RSMo [Cum.Supp.1992]."[2] An evidentiary hearing was held September 11, 1995. On November 1, 1995, the trial court entered judgments terminating mother's parental rights with respect to K.O. and N.Z. and placing each child in the custody of the natural father. Mother's consolidated appeal followed.

For the first of her two points on appeal, mother contends the trial court's judgments were deficient under RSMo § 211.447, because the court failed to make the findings of fact required under the statute. We disagree.

Parental rights may be terminated under RSMo § 211.447.2(2) if the court finds such termination would be in the best interests of the child, and there is clear, cogent and convincing evidence that "[t]he child has been adjudicated to have been abused or neglected." The court must consider and make findings as to the following four specified conditions or acts of the parent: (a) a mental condition which renders the parent unable to knowingly provide the child the necessary care, custody and control, (b) chemical dependency which prevents the parent from consistently providing the necessary care, custody and control of the child, (c) a severe act or recurrent acts of physical, emotional or sexual abuse toward the child or any child in the family by the parent, or (d) repeated or continuous failure by the parent to provide the child with adequate food, clothing, shelter, or education. RSMo § 211.447.2(2)(a-d); *In Interest of S.C.,* 914 S.W.2d 408, 411 (Mo.App. W.D.1996). Even if the subject matter of any of subparagraphs (a) through (d) is irrelevant to the disposition of the action, the court must make a finding to this effect, stating why the particular subparagraph is irrelevant. *Id.*

In this case, the trial court made the following findings in each judgment:

That there has been no evidence adduced regarding the natural mother's mental condition or any chemical dependency problem nor was there any evidence adduced concerning the ability of the natural mother to provide the juvenile with adequate food, clothing, shelter or education as required by law.

These findings were sufficient to show why RSMo § 211.447.2(2)(a), (b), and (d) were irrelevant to the termination proceeding. As for RSMo § 211.447.2(2)(c), which requires a finding as to whether the parent has committed a severe act or recurrent acts of physical, emotional or sexual abuse toward the child or any child in the family, the court found the following in each judgment:

---

1. One commits murder in the second degree if one, with the purpose of causing serious physical injury to another person, causes that person's death. RSMo § 565.021.1(1).

2. This language is from the petition concerning K.O. The petition concerning N.Z. is virtually identical, except the term "step-sibling" is substituted for "sibling."

That the natural mother has been convicted of the intentional murder of Amber Okai after a trial by jury in Saint Charles County.

\* \* \*

That the natural mother, Janet Candela, and Keith Okai were living together as a family providing care, custody and support for the juvenile, ... and that Amber Okai was part of this familial unit.

That the natural mother has been sentenced to a prison term of twenty-seven (27) years for her conviction of the intentional murder of Amber Okai.

\* \* \*

That it would be in the best interest of the juvenile that all parental rights existing between the juvenile and the natural mother be terminated.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED ... that the natural mother legally responsible for the care, custody and support of said juvenile did neglect said juvenile's well-being by failing to provide a safe and secure environment thereby exposing said juvenile to the risk of physical abuse; ....

These findings—that mother intentionally murdered a child in N.Z.'s and K.O.'s family, thereby exposing them to the risk of physical abuse—sufficed to meet the requirement of a finding on RSMo § 211.447.2(2)(c).

■■■ Mother further claims the trial court "made no specific findings of fact with regard to the four factors listed under Section 211.447.2(3) RSMo." However, RSMo § 211.447.2 requires only that "one or more of the following grounds for termination exist:" that is, subsection (1), (2) or (3). A court's order terminating parental rights is sufficient if at least one of the grounds for termination was adequately pled and proved. *S.C.*, 914 S.W.2d at 411. Here, there were sufficient grounds for termination under subsection (2) of RSMo § 211.447.2; the court did not need to adduce further findings as to subsection (3).

■■■ Mother also argues the judgments are deficient because they "make no specific reference as to what Subsection or Subsections of Section 211.447.2 RSMo. that the Court is proceeding on for a termination of parental rights." Missouri courts have rejected this argument. It is not necessary that a court's findings in termination actions be accompanied by references to the authority by which they were made; recitation in the court's judgment of the statutory bases for its decision is superfluous. *In Interest of H.J.P.*, 669 S.W.2d 264, 271 (Mo.App. S.D. 1984).

■■■ Finally, a court considering the termination of parental rights pursuant to RSMo § 211.447.2(2) is required to make findings as to the factors enumerated under RSMo § 211.447.3; however, it need make findings only on those factors the court, in its discretion, deems applicable to the case. *In Interest of L.M.*, 807 S.W.2d 195, 199 (Mo. App. W.D.1991). Here, the trial court made the following findings in each of its judgments:

That, due to the intentional murder of Amber Okai and the lengthy prison sentence of the natural mother, there are no available services which would be likely to bring about lasting parental adjustment within an ascertainable period of time which would enable a return of the juvenile to the natural mother's care, custody and control in the foreseeable future.

Thus, there were findings as to three of the factors listed under RSMo § 211.447.3: whether additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time, whether the parent has been convicted of a felony offense of such nature that the child will be deprived of a stable home for a period of years, and whether the parent committed deliberate acts subjecting the child to a substantial risk of physical or mental harm. RSMo § 211.447.3(4), (6), and (7). The court did not abuse its discretion in making these findings.

In sum, the trial court's findings in its judgments terminating mother's parental rights to K.O. and N.Z. were sufficient to

meet the requirements of RSMo § 211.447.2(2). Point denied.

For her second point on appeal, mother contends the trial court's decision was not supported by clear, cogent and convincing evidence. Again, we disagree.

 A trial court's judgment terminating parental rights is governed by the customary standards applied in court-tried cases: the judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *S.C.*, 914 S.W.2d at 411. The facts in evidence and the reasonable inferences therefrom are viewed in the light most favorable to the judgment. *Id.* "Great deference is accorded the trial court with regard to fact finding issues and the credibility of witnesses." *Id.* The best interests of the child are the primary concern in cases involving the termination of parental rights. *Id.* The juvenile officer's case must be proven by clear, cogent and convincing evidence, such that the fact finder is left with an abiding conviction that the evidence is true. *Id.*

Here, the juvenile officer's petitions for termination of mother's parental rights were filed pursuant to RSMo § 211.447.2(2)(c), which permits for termination of parental rights based upon acts of abuse committed "toward the child or any child in the family by the parent, . . . ." The termination of parental rights of an abusing parent under this subsection is premised on the belief that requiring the child to suffer the fate of his or her sibling (or step-sibling) prior to termination of the rights of the abusing parent would defeat the purpose of the law. *See In Interest of P.M.*, 801 S.W.2d 773, 776 (Mo.App. W.D.1991).

At the September 11, 1995, evidentiary hearing, the juvenile officer entered into evidence copies of the following: the information charging mother with second-degree murder, the verdict director, the guilty verdict, the judgment and sentence, and the allocution, judgment and commitment. Also, Valerie Whitehurst, a caseworker from the Division of Family Services ("DFS"), recommended that mother's parental rights be terminated "[b]ecause she was convicted of killing a child, and because of [K.O.]'s safety." Mother offered no evidence of her own at the hearing.

It was therefore undisputed that mother was convicted of killing Amber with the intent to cause serious physical harm, which required proof beyond a reasonable doubt of an act of severe physical abuse by mother towards Amber. Courts can, and will, rely on a parent's criminal conviction or guilty plea for acts arising out of the same set of circumstances at issue in the termination proceeding as substantive evidence supporting termination of parental rights. *See In Interest of N.D.*, 857 S.W.2d 835, 839 (Mo.App. W.D.1993); *In Interest of J.L.M.*, 848 S.W.2d 502, 504 (Mo.App. W.D.1993); *In Interest of P.M.*, 801 S.W.2d 773, 776 (Mo. App. W.D.1991); *In Interest of R.A.M.*, 755 S.W.2d 431, 435 (Mo.App. S.D.1988). There was clear, cogent and convincing evidence that mother committed a severe act of physical abuse upon a child living in the same household as N.Z. and K.O.[3]

The judgments terminating mother's parental rights with respect to K.O. and N.Z. pursuant to RSMo § 211.447.2(2)(c) were supported by clear, cogent and convincing evidence. Point denied.

The judgments are affirmed.

DOWD, P.J., and REINHARD, J., concur.

---

**3.** Mother argues in her brief that the conviction could not serve as clear, cogent and convincing evidence supporting termination of her parental rights because it was subject to reversal by the appellate court. As the conviction has been affirmed on appeal, *see State v. Candela*, 929 S.W.2d 852 (Mo.App. E.D.1996), this point is moot.