**In the Interest of D.T.B., B.J.B.
and A.S.B., Plaintiff,**

**Juvenile Officer, Respondent,**

**In the Interest of L.N.M. Plaintiff,**

**v.**

**B.W.J.B. (Natural Father), Appellant,**

**S.B. (Natural Mother), Appellant.
Nos. WD 51995, WD 51996.**

Missouri Court of Appeals,
Western District.

April 29, 1997.

---

Beverly S. Riordan, Columbia, for B.W.J.B.

Dewey Lee Crepeau, Columbia, for S.B.

Elizabeth K. Magee, Columbia, for Juvenile Officer.

Before HANNA, P.J., and ELLIS and EDWIN H. SMITH, JJ.

ELLIS, Judge.

Natural father, B.W.J.B., and natural mother, S.B., appeal from a judgment of the Boone County Circuit Court terminating their parental rights to their minor children, L.M., B.J.B., D.T.B. and A.S.B.[1]

On March 3, 1993, the Juvenile Officer of Boone County filed petitions for protective custody, requesting that the Court place the children under the immediate care and protection of the Division of Family Services (DFS) due to "the nature and repetitive pattern of abuse and neglect within the home." Based on these petitions, the Court ordered that the children be placed under the supervision and custody of the DFS for placement in foster care. On May 21, 1993, a hearing on the petitions was held during which evidence was adduced from the Juvenile Officer and the natural Mother. The court found the allegations asserted in the Juvenile Officer's petitions to be true and adjudicated the children Wards of the Court.

On July 19, 1993, the Court entered an Order of Disposition that the children remain in the custody and under the supervision of the DFS for placement in foster care. On August 8, 1994, the Juvenile Officer filed a petition to terminate Mother and Father's parental rights to the children, pursuant to § 211.447.2(2).[2] At the termination hearing, the Court took judicial notice of the Order of Protective Custody, dated March 3, 1993; the transcripts and orders resulting from the hearings in April and May of 1993; the Dispositional Order of July 19, 1993; the Court's order of August 2, 1993, denying the Father contact with L.M.; the Court's order of September 24, 1993, denying all visitation between the Father and the children; and, the Juvenile Officer's Petition for Termination. Finding termination to be in the best interest of the children, the Court ordered termination of both Mother and Father's parental rights to L.M., B.J.B., D.T.B. and A.S.B. Both Mother and Father appeal.

We will affirm the court's order unless no substantial evidence supports it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Evidence in the record which might support a different conclusion does not necessarily demonstrate the trial court's determination is against the weight of the evidence. *In re J.H.D.*, 748 S.W.2d 842, 843 (Mo.App. E.D.1988) (quoting *In re Adoption of W.B.L.*, 681 S.W.2d 452, 454 (Mo. banc 1984)). We review the facts and all reasonable inferences derived therefrom in the light most favorable to the trial court's order. *In re N.D.*, 857 S.W.2d 835, 838 (Mo.App. W.D. 1993).

The Juvenile Officer sought termination under § 211.447.2(2), which permits the court to terminate parental rights where it finds clear, cogent and convincing evidence that the child has been adjudicated to have been abused or neglected. In deciding whether to terminate under this subsection, the court

---

1. B.W.J.B. is not the natural father of L.M. Thus, only S.B., L.M.'s natural mother, appeals the termination of her parental rights to L.M.

2. All statutory references are to RSMo 1994, unless otherwise noted.

must consider and make findings on the following conditions or acts of the parents:

(a) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control;

(b) Chemical dependency which prevents the parent from consistently providing the necessary care, custody and control of the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control;

(c) A severe act or recurrent acts of physical, emotional or sexual abuse toward the child or any child in the family by the parent, including an act of incest, or by another under circumstances that indicate that the parent knew or should have known that such acts were being committed toward the child or any child in the family; or

(d) Repeated or continuous failure by the parent, although physically or financially able, to provide the child with adequate food, clothing, shelter, or education as defined by law, or other care and control necessary for his physical, mental, or emotional health and development.

§ 211.447.2(2)(a)-(d) (emphasis added); *In re S.C.,* 914 S.W.2d 408, 411 (Mo.App. W.D. 1996).

"Severance of the parent-child relationship by act of law is an exercise of awesome power and demands strict and literal compliance with the statutory authority from which it is derived." *D.E.J. v. G.H.B.,* 609 S.W.2d 472, 474 (Mo.App. W.D.1980). Thus, it has been held, based on the plain language of § 211.447.2(2) that the trial court must make findings of fact as to each of the four statutory factors quoted above. *In re S.C.,* 914 S.W.2d at 411. Where the subject matter of any subparagraph is not relevant to the disposition of the case, a finding should be made to that effect stating why the subparagraph is irrelevant. *Id.*

A review of the trial court's order reveals the court made findings pursuant to the factors specified under subparagraphs (a), (b) and (c):

There was no evidence to show that there is a mental condition rendering juvenile's mother and father unable to care for the juveniles.

There was no evidence to show that there is a chemical dependency rendering juvenile's mother and father unable to care for the juveniles.

The juveniles' mother and father knew or should have known of the recurrent acts of neglect and physical and sexual abuse perpetrated by juveniles' mother and father and/or others against the juveniles and juveniles' half sibling.[3]

The court did not, however, make a finding as to subparagraph (d).

"This court is not in a position to overlook the clear statutory mandate that 'the court **shall** consider and make findings ...' as to subparagraphs (a) through (d)." *In re J.M.,* 789 S.W.2d 818, 822 (Mo.App. W.D.1990) (emphasis in original). Even if the court found subparagraph (d) to be irrelevant to the disposition of this action, the court was obligated to make a finding to this effect. *In Interest of K.O.,* 933 S.W.2d 930, 932 (Mo. App. E.D.1996). Since the court's failure to

---

3. The trial court incorporated the allegations contained in the Juvenile Officer's Petition for Protective Custody, which were previously adjudicated to be true: (1) between July 1991 through March 1992, L.M. was sexually abused while in the care, custody and control of Mother and Father; (2) from 1990 through 1991, L.M. was physically abused while in the care, custody and control of Mother and Father; (3) Mother has a history of neglect of the children, who have been observed on several occasions by neighbors and health care providers to be in a filthy condition; (4) between September 1991 through March 1992, D.T.B., age one, failed to gain weight and dropped off of the growth chart; (5) on or about February 1, 1993 to February 8, 1993, B.J.B., age two, was physically abused while in the care, custody and control of Mother and Father; (6) on or about February 8, 1993, D.T.B., age one, was observed to have bruising under his right eye and on his forehead; and (7) Father has a history of violent behavior, in that on or about May 2, 1978, he was convicted of assault in the third degree in Ray County, Missouri and on or about April 25, 1980, was convicted of voluntary manslaughter in Wyandotte County, Kansas.

make a finding as to subparagraph (d) compels reversal and remand, we do not reach the other points raised by Mother and Father on appeal. *In re K.D.C.R.C.B.–T.,* 928 S.W.2d 905, 908–09 (Mo.App. E.D.1996).

Accordingly, the trial court's judgment terminating Mother and Father's parental rights to L.M., B.J.B., D.T.B. and A.S.B. is reversed and remanded, with directions that the trial court consider the record herein and enter findings upon said record with respect to subparagraph (d) of § 211.447.2(2).

The cause is remanded with directions.

All concur.