**Lodiller STYLES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 45362.**

Missouri Court of Appeals,
Western District.

July 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 1, 1992.

Application to Transfer Denied
Oct. 27, 1992.

Sue Crane–Holiman, Asst. Public Defender, Fulton, for appellant.

William L. Webster, Atty. Gen., Denise L. Garnier, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and TURNAGE and BRECKENRIDGE, JJ.

TURNAGE, Judge.

Lodiller Styles filed an application for conditional release from the Department of Mental Health. After a hearing the court denied the application. Reversed and remanded.

Styles filed an application for conditional release alleging that he did not then and in the reasonable future is not likely to have a mental disease or defect rendering him dangerous to the safety of himself or to others. Styles also alleged that he had been found not guilty by reason of mental disease or defect of forcible sodomy, kidnapping and two counts of armed criminal action. He alleged that he is currently a patient at the Fulton State Hospital.

At the hearing Styles stated that he had been diagnosed as suffering from schizoaffective disorder but denied he was then suffering from this disease because he was in remission.

The State called Dr. Surjit Singh, a psychiatrist at the Fulton State Hospital, who was apparently Styles' treating physician.

Dr. Singh testified that Styles was suffering from schizo-affective disorder which is in remission without medication and also polysubstance abuse and paranoid personality disorder and antisocial personality disorder. Dr. Singh was not questioned about whether or not Styles was suffering from any mental disease or defect at the time of hearing.

The court entered an order finding that Styles still presents a substantial likelihood of harm to others and denied the conditional release.

■■■ Section 552.040.9, RSMo 1991 Supp., provides that a person committed to a mental health facility may file an application for a determination of whether or not the person shall be released conditionally. Section 552.040.11 lists a number of factors which the court is to consider along with the relevant evidence in passing on the application for conditional release. That subsection places the burden of persuasion on the committed person who has been found not guilty of certain crimes because of mental disease or defect to prove by clear and convincing evidence that such person is not likely to be dangerous to others while on conditional release. The crimes enumerated include the crimes for which Styles had been tried and found not guilty by reason of mental disease or defect.

Section 552.040.9 impliedly recognizes that a person seeking conditional release is a person who is still suffering from a mental disease or defect. This is borne out by § 552.040.18 which provides that persons found not guilty of certain violent crimes because of mental disease or defect, including the crimes for which Styles had been tried, shall not be eligible for conditional release unless the court finds that such person is not now and is not likely in the reasonable future to commit another violent crime against another person because of mental illness.

Thus, underlying the procedure for conditional release from a mental health facility is the recognition that the person is suffering from a mental disease or defect and the question to be resolved is whether or not the person is likely to be dangerous to others by conditional release and whether or not such person is likely in the reasonable future to commit another crime because of his mental illness. However, the statute does not explicitly require the court to make a finding as to whether the person seeking release is suffering from a mental disease or defect in the event the conditional release is denied.

In *Foucha v. Louisiana,* —— U.S. ——, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992), the U.S. Supreme Court held that the state was not entitled to hold Foucha as an insanity acquittee if his mental disease or defect has disappeared. *Id.* at 1784. The Court held that the due process rights of a person are violated if the state holds a person in a psychiatric facility when the person is no longer suffering from a mental disease or defect.

■■■ In this case Styles alleged and testified that he was not suffering from a mental disease or defect. This raised a question of whether or not Styles was suffering from a mental disease or defect at the time of the hearing. Under *Foucha,* it is necessary for a court to make a finding that an insanity acquittee is suffering from a mental illness or defect before it can order that such person shall remain in a mental institution. Thus, a denial of a conditional release must be based on a finding that the person is suffering from a mental disease or defect to justify the denial of release.

■■■ The record is not clear as to whether or not Styles was suffering from a mental disease or defect at the time of hearing because Dr. Singh was never asked that specific question. He gave a diagnosis and stated that the symptoms of schizo-affective disorder was in remission. He did not state whether or not this meant Styles was still suffering from that disorder. Nor was he asked if paranoid personality disorder or antisocial personality disorder is considered to be a mental disease or defect. Thus, on the record presented, this court can not make a finding of whether or not Styles was suffering from a mental disease or defect at the time of the hearing.

This court recognizes that *Foucha* was decided well after the hearing of this case and counsel and the court did not have the benefit of that case. For that reason the question of Styles' due process right not to be detained unless he is suffering from a mental disease or defect was not raised in the trial court or this court. However, under Rule 84.13(c), plain error affecting substantial rights may be considered on appeal in the discretion of this court when this court finds that manifest injustice or a miscarriage of justice has resulted. It would be manifest injustice to deny Styles conditional release if he is not suffering from a mental disease or defect. For that reason it is necessary for the court to make a finding on that issue. If the court finds that Styles is suffering from a mental disease or defect, it is authorized to deny his application on finding that he still presents a substantial likelihood of harm to others.

The judgment is reversed and this cause is remanded for the court to make a finding on the question of whether or not Styles is suffering from a mental disease or defect. The court may reopen the case and take additional evidence to resolve that question. If the court finds that Styles is not suffering from a mental disease or defect the court shall order Styles discharged. If the court finds that he is suffering from a mental disease or defect, the court shall proceed under § 552.040.11. If the court grants the application it shall make the findings required by § 552.040.11 and § 552.040.18 as part of its order.

All concur.