**In re Christopher STALLWORTH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 49336.**

Missouri Court of Appeals, Western District.

March 28, 1995.

Toni Meyer, Asst. Public Defender, Fulton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

SPINDEN, Presiding Judge.

Christopher Stallworth appeals the trial court's denial of his petition for conditional release from Fulton State Hospital. Stallworth alleges that the trial court erred in refusing to grant his petition because the state did not prove that he was likely to be a danger to others while on release. He also complains that the trial court applied the wrong standard in deciding his case, and that the trial court did not determine, as required by law, whether he was still suffering a mental disease or defect. We agree that the trial court's findings of fact were inadequate and remand so the court can correct its shortcomings.

On June 14, 1992, Stallworth was found not guilty, by reason of mental disease or defect, of stealing a pick-up. The court committed him to the custody of the Missouri Department of Mental Health. On February 4, 1994, while he was being held at Fulton State Hospital, Stallworth applied for conditional release from the hospital.

On March 7, 1994, the trial court convened a hearing to consider Stallworth's application. At the hearing, the state[1] presented only one witness, Nemesio Gutierrez, Stallworth's treating psychiatrist at Fulton State Hospital. Gutierrez testified that Stallworth's mental illness was "chronic paranoid schizophrenia, disorganized type" and that he suffered it on the day of hearing. Asked whether the illness was likely to cause Stallworth to be dangerous to others, Gutierrez answered, "Yes." Asked to justify his opinion, Gutierrez said, "I base it on his long—long history of mental illness, noncompliance with treatment; and as a result of that, having committed crimes." Gutierrez opined that, although Stallworth's symptoms were in "partial remission" on March 7, 1994, Stallworth had not demonstrated complete insight and understanding of his mental illness or that stealing a vehicle is a crime. Stallworth did not present any evidence.

The trial court denied Stallworth's petition because Stallworth's "mental illness is in only partial remission" and "if he becomes non-compliant with medication[, he] will be a danger to others." Stallworth appeals this denial.

Stallworth alleges in his first point on appeal that the trial court erred in denying his petition because the state did not prove that Stallworth was likely to be a danger to others if released. We agree that the trial court's findings of fact failed to address the issue, but we disagree that this was caused by the state's failure to present sufficient evidence.

Gutierrez opined unequivocally that Stallworth would be a danger to others because of his mental disease—which he still suffered—and his history of noncompliance with treatment. Gutierrez maintained this opinion notwithstanding Stallworth's decision "recently" to take his medication.

■ The trial court, however, did not find that Stallworth would likely be a danger to others. It said that Stallworth would be a danger to others, but only on the condition that he did not take his medication. The trial court did not make any findings concerning the likelihood of Stallworth's not taking his medication. The trial court's findings would have been sufficient had the court determined, as Gutierrez testified, that Stallworth's mental disease and history of noncompliance with his treatment made him a likely danger to others. The court did not say that; it said that "if[2] he becomes non-compliant with medication[, he] will be a danger to others." Is Stallworth likely to become noncompliant? The trial court did not determine this.

1. The Attorney General entered an appearance in this appeal as representing the "Public Safety Interest." No entity is known as the Public Safety Interest. Apparently, the Attorney General draws the title from § 552.040.9(3), RSMo Cum.Supp.1993, which says, "The prosecutor of the jurisdiction where the person is being detained shall represent the *public safety interest* at the hearing unless the prosecutor of the jurisdiction where the person was tried and acquitted decides to appear to represent the *public safety interest*." (We added the emphasis.)

2. We added the emphasis.

Section 552.040.11, RSMo Cum.Supp.1993, requires such a finding. It says, "[T]he burden of persuasion shall be on the party opposing release to prove by a preponderance of the evidence that the person for whom release is sought is likely to be dangerous to others while on conditional release." Because the trial court failed to make this determination, we remand the case to it for correction. Before it can overrule Stallworth's application for conditional release, it must find that he is likely to be dangerous to others while on conditional release.

Stallworth, however, also claims that noncompliance with treatment was not a sufficient ground for denying Stallworth's application. Section 552.040.11 instructs a court considering an application for conditional release:

At a hearing to determine if the committed person should be conditionally released, the court shall consider the following factors in addition to any other relevant evidence:

(1) The nature of the offense for which the committed person was committed;

(2) The person's behavior while confined in a mental health facility;

(3) The elapsed time between the hearing and the last reported unlawful or dangerous act;

(4) The nature of the person's proposed release plan;

(5) The presence or absence in the community of family or others willing to take responsibility to help the defendant adhere to the conditions of the release; and

(6) Whether the person has had previous conditional releases without incident.

Stallworth argues that noncompliance with medical treatment is not one of the six enumerated factors.

■ First, we note that § 552.040.11 does not intend for the six factors to be exclusive. The statute says that they must be considered "in addition to any other relevant evidence[.]" Second, Stallworth does not explain why noncompliance with medical treatment does not fit within the second factor:

his behavior while confined at the Fulton State Hospital. His contention is without merit.

■ Stallworth finally argues that the trial court erred in not making specific findings that Stallworth still suffered from a mental disease or defect. Although § 552.040 does not say specifically that the court must make such a finding, the United States Supreme Court has held that such a finding is necessary to satisfy due process requirements of the United States Constitution. The court has held, in *Foucha v. Louisiana,* 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992), that due process forbids the continued confinement of an individual acquitted by reason of insanity after the individual no longer suffers the mental disease or defect. In *Styles v. State,* 838 S.W.2d 10, 11 (Mo.App. 1992), this court held that "[u]nder *Foucha,* it is necessary for a court to make a finding that an insanity acquittee is suffering from a mental illness or defect before it can order that such person shall remain in a mental institution." Thus, to deny an application for conditional release, the trial court must find that the person still suffers a mental disease or defect which justifies the denial.

■ The trial court, however, made a sufficient finding concerning this issue—though barely. The trial court found that Stallworth's "mental illness is in *only partial* remission[.]" [3]

We, nonetheless, remand this case to the trial court to determine whether Stallworth is likely to be a danger to others if granted conditional release. In all other respects, we affirm the judgment of the trial court.

All concur.

---

3. We added the emphasis.