**Jerry McKEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 50969.

Missouri Court of Appeals,
Western District.

June 11, 1996.

Mark C. Evans, Assistant Public Defender, Fulton, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Elizabeth A. Malench, Assistant Attorney General, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Jerry McKee appeals the denial of his application for conditional release from the custody of the Department of Mental Health, filed pursuant to section 552.040 RSMo 1995. The judgment is affirmed as modified.

On December 21, 1982, Mr. McKee was found not guilty by reason of mental disease or defect, section 552.030 RSMo 1994, of unlawful use of a weapon, section 571.030 RSMo 1994, and was committed to the custody of the Department of Mental Health.

On January 26, 1995, Mr. McKee filed his Application for Conditional Release. A hearing was held upon the application on March 13, 1995.

Only one witness was presented at the hearing on the motion, Armondo Ponce, a staff psychiatrist at Fulton State Hospital where Mr. McKee is a patient. Dr. Ponce testified that in his opinion Mr. McKee suffers from chronic schizophrenia. Dr. Ponce testified on direct examination that Mr. McKee would be dangerous to himself and others, and that because of his mental illness, he could not conform his conduct to the requirements of the law. He testified that Mr. McKee had difficulty following ward rules and regulations and would become upset about the rules and restrictions. He also testified that excessive fluid intake made Mr. McKee irritable, easily agitated and disorganized in his thoughts. On cross-examination Dr. Ponce stated that he was uncertain whether Mr. McKee would be dangerous to other people, but he testified that Mr. McKee would be dangerous to himself if he were released.

The trial court then made the following findings in part:

Court finds that Petitioner's release would not be dangerous to others, but the Petitioner, if released, would not be able to conform his conduct to the requirements of the law. Conditional release denied.

Mr. McKee asserts for his only point on appeal that the trial court erred in denying his application for conditional release because the court used an incorrect standard by denying the application based on the finding that he could not conform his conduct to the requirements of the law.

Section 552.040.9, RSMo 1994, provides that a person committed to a mental health facility may file an application for determination of whether the person shall be conditionally released. The trial court is vested with the authority to make the ultimate decision regarding whether the evidence establishes the requisite conditions for release. *State v. Dudley*, 903 S.W.2d 581, 584 (Mo.App.1995). The decision of the trial court will not be reversed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares or applies the law. *Id.*

Section 552.040.11 RSMo 1994, lists several factors for the court to consider in making its decision on the application for conditional release. Where the party seeking conditional release is not charged with one of the listed violent offenses identified in the statute, the burden of persuasion is upon the person opposing the conditional release to prove by a preponderance of the evidence that the person for whom release is sought is likely to be dangerous to others while on conditional release. § 552.040.11 RSMo 1994. Mr. McKee was not charged with one of the listed offenses in the statute. Thus, the state bears the burden of proving by a preponderance of the evidence that Mr. McKee is likely

to be dangerous to others while on conditional release. Section 552.040.13 RSMo 1994, also provides, "No committed person shall be conditionally released until it is determined that the committed person is not likely to be dangerous to others while on conditional release." Therefore, the ultimate question in determining whether conditional release of a patient from a mental health facility should be granted is whether the person is likely to be dangerous to others while on conditional release and whether such person is likely, in the reasonable future, to commit another crime because of mental illness. *Styles v. State*, 838 S.W.2d 10, 11 (Mo.App.1992).

■ Before the trial court can deny an application for conditional release, it must make a specific finding that the applicant is likely to be dangerous to others while on conditional release. *Stallworth v. State of Missouri*, 895 S.W.2d 656, 658 (Mo.App. 1995). The trial court found that Mr. McKee would not be dangerous to others, but, if released, he would not be able to conform his conduct to the requirements of the law. These two findings are inconsistent. Committing a criminal act, whether violent or non-violent, indicates dangerousness. *Jones v. United States* 463 U.S. 354, 364, 103 S.Ct. 3043, 3049, 77 L.Ed.2d 694 (1983). One purpose of penal law is to inhibit dangerous or harmful conduct as identified by the legislature. Mr. McKee was charged with unlawful use of a weapon, section 571.030 RSMo 1994, and acquitted, not because he did not commit the underlying act, but because he was found to be "incapable of knowing and appreciating the nature, quality, or wrongfulness of his conduct." § 552.030.

The court, having found that Mr. McKee remains incapable of conforming his conduct to the requirements of the law, has determined that Mr. McKee is dangerous to other people. The evidence presented at the hearing substantially supports this finding. Therefore, the portion of the trial court's order that finds Mr. McKee would not be dangerous to others if conditionally released is erroneous as a matter of law. The trial court's order is amended to read:

Court finds that Petitioner's release would be dangerous to others because he would be unable to conform his conduct to the requirements of the law. Conditional release denied.

Rule 84.14.

The judgment of the trial court is affirmed as amended.

All concur.