**Charles VIERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 53401.

Missouri Court of Appeals,
Western District.

Dec. 16, 1997.

Margaret M. Johnston, Public Defender, Fulton, for Appellant.

Mark Tracy, Asst. Pros. Atty., Callaway County, Fulton, for Respondent.

Before SMART, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LOWENSTEIN, Judge.

 Viers, incarcerated in the Fulton State Hospital of the Department of Mental Health, sought a conditional release under special conditions, such as living in a supportive community living facility, under § 552.040.9, RSMo 1994. The trial court denied his application saying Viers did not prove by clear and convincing evidence that he would not present a danger to others, noting that Viers had never accepted responsibility for his crime. Viers has appealed. The prosecutor has not presented the court with a brief. The trial court's decision as to whether the conditions for conditional release have been satisfied will not be reversed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *McKee v. State*, 923 S.W.2d 525, 526 (Mo.App.1996). The ultimate question for the trial court on a conditional release application from a mental health facility, and which a specific finding must be made, "is whether the person is likely to be dangerous to others while on conditional release, and whether such person is likely, in the reasonable future, to commit another crime because of mental illness." *Id.* at 527. A conditional release under § 552.040.9 "impliedly recognizes" the applicant is "still suffering from a mental disease or defect." *Styles v. State*, 838 S.W.2d 10, 11 (Mo.App.1992).

Viers was admitted to the Department in 1979 following his plea of not guilty by reason of his not being responsible because of mental disease or defect, for the murder of his fifteen year-old brother. See § 552.030 RSMo 1994. His diagnosed mental illness was paranoid schizphrenia. The only witness, Dr. Ponce, a physician at the Fulton hospital, gave a somewhat conflicting testimony on Viers' present medical diagnosis. The doctor said the patient exhibited no present signs of paranoia, and that although Viers showed anxiety, his anxiety did not rise to the level of being a paranoid schizophrenic. He was not sure Viers would presently be dangerous to other people. Viers had continued to suffer from mental illness until some eight months prior when he was treated with monthly doses of an antipsychotic medication. Ponce testified it was not likely Viers would commit another violent crime while in a supportive community living facility, but that it would depend on "whether he's complied with medication."

 In this case, the trial court did not make a finding on the question of whether or not Viers is suffering from a mental disease or defect. The trial court's Order merely states Viers did not sustain his burden of showing that he presented no present danger to others. In *Styles*, this court made clear that a finding of present mental illness or disease is required when deciding on a conditional release. 838 S.W.2d at 11–12. Relying on both, *Foucha v. Louisiana*, 504 U.S.

71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992), which held the state may not hold an insanity acquittee if the person's disease or defect has disappeared, and the recognition under the Missouri statute that a person seeking relief is still suffering from a mental disease or defect, the court in *Styles* reversed for a finding of whether Styles was still suffering from a mental disease or defect. Id. at 12. This case must be reversed for the purpose of allowing the trial court to make such a finding. Further, Viers asserts the language used by the trial court increases the statutory burden on Viers. The trial court on remand is to be guided by the language of our statute and the language in *Styles*.

The judgment is reversed and the case remanded for findings in accordance with this opinion.

All concur.