Carl H. GREENO, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 83382.

Supreme Court of Missouri,
En Banc.

Nov. 20, 2001.

---

Charles M. Rogers, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Greg A. Perry, Asst. Atty. Gen., Jefferson City, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

Carl H. Greeno appeals from a denial of a conditional release from the Department of Mental Health ("department"), pursuant to section 552.040.12, RSMo 2000. In a hearing for a conditional release, due process does not require a specific · *written* finding that the applicant suffers from a mental disease or defect. Without a request pursuant to Rule 73.01(c), such a finding shall be considered as having been made in accordance with the result reached. The trial court also properly required Greeno to show by clear and convincing evidence that he would not be dangerous to others if conditionally released. The trial court did not err in finding that Greeno did not meet this standard of proof. For these reasons, the judgment is affirmed.

## I.

In 1991, Greeno was charged with Assault of a Police Officer in the Second Degree. He was adjudicated not guilty by reason of mental disease or defect, and was subsequently remanded to custody of the department. In 1993, the probate divi-

sion of the Circuit Court of Calloway County granted Greeno a conditional release.

After being charged with driving while drinking and driving without a license in April, 1994, Greeno checked himself back into Fulton for several weeks. In the spring of 1995, he admitted himself to a Veterans Affairs Hospital after a stress attack during which he drove down the highway in the wrong lane. Later that year, Greeno was arrested and charged with an offense of assault in the second degree. While awaiting trial for that offense, his conditional release was revoked. At trial, a jury deadlocked, eleven jurors favoring a verdict of not guilty. Subsequently, the district attorney dismissed the charges against Greeno.

In 1997, Greeno applied for another conditional release. The Circuit Court of Callaway County denied his application. The trial court entered an extensive memorandum opinion and order, detailing its findings and considering the statutory factors contained in 552.040.12.[1] The court found that Greeno had not shown by clear and convincing evidence that he would not likely be dangerous to others while on conditional release. Sec. 552.040.12(6).

In so finding, the trial court expressly considered and weighed the evidence of lay and expert witnesses presented by both sides, including Greeno's extensively documented behavior at Northwest Missouri Psychiatric Rehabilitation Center ("NMPRC"). The trial court reviewed numerous hospital evaluations, which included reports of 14 "simple assaults" and 22 examples of inciting other patients to disregard regulations. With the exception of one incident involving shoving, these assaults were not physical. However, witnesses described these assaults as extremely aggressive and threatening confrontations with staff, laced with vulgar speech.

The court found that Greeno is especially hostile towards women and staff workers. Cecilia Iboaya, a social worker who worked with Greeno, testified that at least two workers either transferred or resigned because of his intimidation. She testified that these workers were afraid they might get hurt.

Two individuals offered expert testimony. Dr. Stephen Peterson testified on behalf of Greeno. Dr. Peterson testified that he was convinced that Greeno would not likely be dangerous to others if released. He based this opinion on interviews with Greeno, a review of documents and gave special consideration to the fact that the appellant had never physically harmed anyone while hospitalized.

---

1. "At a hearing to determine if the committed person should be conditionally released, the court shall consider the following factors in addition to any other relevant evidence:
   (1) The nature of the offense for which the committed person was committed;
   (2) The person's behavior while confined in a mental health facility;
   (3) The elapsed time between the hearing and the last reported unlawful or dangerous act;
   (4) The nature of the person's proposed release plan;
   (5) The presence or absence in the community of family or others willing to take responsibility to help the defendant adhere to the conditions of the released; and
   (6) Whether the person has had previous conditional releases without incident. The burden of persuasion for any person committed to a mental health facility under the provisions of this section upon acquittal on the grounds of mental disease or defect excluding responsibility shall be on the party seeking release to prove by clear and convincing evidence that the person for whom release is sought is not likely to be dangerous to others while on conditional release." Sec. 552.040.12.

Dr. David L. Vlach, a psychiatrist at NMPRC, testified on behalf of the state that Greeno had not shown any responsibility for himself during his stay at NMPRC. Because of his conduct and his refusal to take part in any treatment, Greeno never made it out of the lowest of five security levels at the facility.[2] Because of his failure to cooperate, Dr. Vlach expressed doubt that Greeno would ever voluntarily participate fully in treatment. Dr. Vlach opined that Greeno only refrained from physical assault because of the restrictive and secured environment at NMPRC. He based his belief on his observation that Greeno consistently pushed his behavior to the allowable limits, just before staff would be forced to use restraints. According to Dr. Vlach, professional training and intervention of the staff were more responsible for Greeno's lack of physical altercations, than his self-restraint. Though he admitted that Greeno might not be imminently dangerous upon release, he concluded that he would be concerned with the safety of the public if Greeno were conditionally released, because in his opinion Greeno would soon exhibit some dangerous behavior.

The trial court entered an order containing a specific written finding that Greeno did not meet his burden of proving he was not dangerous. Section 552.040.12 does not require and the trial court did not make a specific *written* finding that Greeno suffered from a mental disease or disorder.

## II.

This Court recently held that before denying an unconditional release, a circuit court is not required to make specific *written* findings that an insanity acquittee is suffering from a mental disease or defect, unless findings are requested in accordance with Rule 73.01(c). *State v. Revels,* 13 S.W.3d 293 (Mo. banc 2000). The rationale of *Revels* also applies to conditional releases.

### A.

Greeno contends that due process requires the trial court to make a specific, written finding regarding whether a petitioner for conditional release is suffering from a mental disease or defect. In support of his argument, Greeno relies on the *Styles v. State,* 838 S.W.2d 10 (Mo.App. 1992) (*Styles I* ), interpretation of *Foucha v. Louisiana,* 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992).

■ A state may only confine someone found not guilty by reason of insanity if the confined person is both suffering from a mental disease or disorder and might be dangerous to himself or others if released. *Foucha,* 504 U.S. at 86, 112 S.Ct. 1780. In *Styles I,* the court of appeals interpreted this holding to mean that a trial court must make specific *written* findings that an insanity acquittee is suffering from a mental illness or defect before it can order that such person shall remain in a mental institution. 838 S.W.2d at 11–12. However, as this Court pointed out in *Revels,* such a requirement is not found in *Foucha.* 13 S.W.3d at 296.

■ Just as in *Revels,* Greeno failed to request specific findings of fact. Rule 73.01(c). There is no unique requirement that before denying a conditional release, the circuit court make a specific *written* finding that an insanity acquitee is suffering from a mental disease or defect, unless findings are requested in accordance with

**2.** Greeno is on the red level. Although this is the worst level, some patients are considered so dangerous that they are not given a level classification. The various levels indicate progress and acceptance of responsibility.

Rule 73.01(c). In the absence of such a request, all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. *Id., Revels,* 13 S.W.3d at 295. To the extent contrary, *Styles I,* and its progeny, should no longer be followed.

### B.

■ Greeno argues next that the trial court erred by requiring him to prove that he is not likely to be dangerous to others while on conditional release.[3]

■ A verdict of not guilty by reason of insanity establishes that the person committed a criminal act and that he or she committed the act because of mental illness. *State v. Tooley,* 875 S.W.2d 110, 112 (Mo. banc 1994), *citing Jones v. United States,* 463 U.S. 354, 363–64, 103 S.Ct. 3043, 3049, 77 L.Ed.2d 694 (1983). *See also Styles v. State,* 877 S.W.2d 113 (Mo. banc 1994) *(Styles II).* When a criminal defendant establishes that he is not guilty of a crime by reason of insanity, the Constitution permits the Government, on the basis of the insanity judgment, to confine him to a mental institution until such time as he has regained his sanity or is no longer a danger to himself or society. *Jones,* 463 U.S. at 370, 103 S.Ct. at 3053, RSMo 552.030. So long as the *Jones* presumption of continuing mental illness has not been broken following an acquittal by reason of insanity, the burden of proof need not shift to the state. *Tooley,* 875 S.W.2d at 113.

■ Although Greeno was conditionally released in 1993, this does not imply that he no longer suffers from a mental disease or disorder. Instead, a conditional release implies that despite a mental disease or disorder, Greeno was eligible for limited freedom from a mental health facility, subject to certain conditions.

This case is different from *Foucha,* in which the state acknowledged that Foucha no longer suffered from a mental disease or defect. The presumption of continuing mental illness is not broken by a conditional release, when neither the State has acknowledged nor a court has found that a commitee is no longer suffering from a mental defect or disorder. *Tooley,* 875 S.W.2d 110. The trial court properly placed the burden of proof on Greeno in accordance with the provisions of 552.040.12(6).

### C.

■ Finally, Greeno argues the trial court erred in determining that he did not prove by clear and convincing evidence that he would not be dangerous to others if released, in that the trial court's decision was against the weight of the credible evidence. In support of his argument, Greeno primarily relies on his expert witness's assessment that he would not be dangerous to others, in large part due to the lack of physical assaults in his record.

Appellant faces an extremely difficult burden in this regard.[4] Greeno bears the

---

3. Greeno does not specifically challenge the standard of proof, clear and convincing evidence, by which he must prove his lack of dangerousness. This Court in State v. *Tooley,* 875 S.W.2d 110, 114, note 5 (Mo. banc 1994), reserved "ruling upon whether this standard is constitutionally appropriate" because, as in this case, the issue was not raised by the parties.

4. A more interesting question arises when the trial court's finding must be supported by clear and convincing evidence. This Court has held that the *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), standard for appellate review applies to cases where the clear and convincing standard of proof is applicable. *In re Adoption of W.B.L.,* 681 S.W.2d 452 (Mo. banc 1984). The trial court

burden of proof by clear and convincing evidence. 552.040.12. The trial court may disbelieve or simply give little weight to his evidence. Moreover, the record contains ample evidence indicating that Greeno is still likely to be dangerous to others. The court cited the numerous examples of verbal assault, as well as Dr. Vlach's opinion that Greeno only refrained from physical assault because he is in an institution. The court also made findings that Greeno failed to cooperate with treatment. Ultimately, the trial court stated its holding as follows:

> Finally we must determine if the evidence of "non-dangerousness" is sufficient to satisfy the burden of proof, set by [RSMo 552.040.12.] as "clear and convincing evidence."

> The appellate cases define clear and convincing evidence as "evidence that instantly tilts the scales in the affirmative when weighed against the evidence in opposition," so that the court is "... left with the abiding conviction that the evidence is true." *In re S.H.*, 915 S.W.2d 399, 403 (Mo.App.1996).

> The Court finds that the evidence of non-dangerousness given by Dr. Peterson's opinion and the favorable testimony of other witnesses is not sufficient to meet the statutory test, when weighed against the opposing evidence cited above. Therefore the release should be denied.

Upon the record before us, and in consideration of the extensive written findings made by the trial court, this holding was not erroneous.

### III.

The judgment is affirmed.

still has the power to weigh the evidence,

LIMBAUGH, C.J., WHITE, HOLSTEIN, WOLFF, and BENTON, JJ., and SIMON, Sp. J., concur.

LAURA DENVIR STITH, J., not participating.

simply against a higher standard of proof.